MOTION TO DISMISS
SCHOTT, Judge.
Plaintiff brought suit against the town of Lutcher and its officials for an injunction to prevent them from interfering with his car wash business, a declaratory judgment that an ordinance which declared his business to be a public nuisance was unconstitutional and illegal; and a mandamus directing defendants to provide him with a license and water utility service. He obtained a temporary restraining order on February 6, 1978, and on February 13 the case was tried on a stipulation that the preliminary and permanent injunctions would be tried together.
The judgment appealed from was signed on September 11, 1978. Therein plaintiff’s suit was dismissed with the proviso that he was to cease the operation of his business within 120 days from the date of the judgment. Plaintiff petitioned for and obtained “a suspensive appeal, or alternatively devol-utive appeal” from the judgment.
The case is now before us on a motion by defendants to dismiss plaintiff’s suspensive appeal with no prejudice to his devolutive appeal.
The same question was before the court in Murry v. City of Oakdale, 276 So.2d 368 (La.App. 3rd Cir. 1973).
The plaintiff whose case has been denied in final judgment is entitled to a suspensive appeal as a matter of law. On the other hand, defendants have no reason for concern over the appeal being suspen-sive. Since there is no injunction in effect, the suspensive appeal accomplishes nothing for plaintiff since there is in reality nothing to suspend. Nothing prevents defendants from taking action even though plaintiff has taken a suspensive appeal.
The motion is denied.
MOTION DENIED.