CHIASSON, Judge.
Appellant, Milton Craddock, appeals the trial court’s judgment dissolving a temporary restraining order and awarding $500.00 in attorney’s fees to appellees.
Craddock, a school board member, filed suit seeking a temporary restraining order to enjoin appellees, Roger Crowe and Charles J. Blanchard, from circulating a recall petition. In the same suit, Craddock asked for a money judgment for alleged mental and physical anguish. The temporary restraining order was granted and thereafter appellees filed a rule to dissolve the restraining order. Exceptions of improper cumulation of actions and no cause or right of action were also filed on behalf of appellees.
*70 Judgment was subsequently rendered dissolving the temporary restraining order and ordering Craddock to elect between his action for an injunction and his action for damages. The remaining exceptions were dismissed and attorney’s fees in the amount of $500.00 were awarded to Crowe and Blanchard.
After judgment, Craddock filed a motion to dismiss his entire suit. After the motion to dismiss was signed, Craddock appealed the aforementioned judgment.
Although appellant asserts several specifications of error, we conclude that by voluntarily dismissing his entire suit, Crad-dock lost his right to appeal from all of the trial court’s rulings with the exception of the award of attorney’s fees to appellees. Appellant cannot prejudice appellees’ rights by dismissing his suit. La.C.C.P. art. 1039.
La.C.C.P. Article 1039 provides:
“If an incidental demand has been pleaded prior to motion by plaintiff in the principal action to dismiss the principal action, a subsequent dismissal thereof shall not in any way affect the incidental action, which must be tried and decided independently of the principal action.”
Therefore, the award of attorney’s fees was ■unaffected by appellant’s dismissal of his suit and can now be considered on review.
Appellant contends that attorney’s fees should not have been awarded since no evidence was introduced establishing the value of the services rendered. In the alternative, appellant contends that the award is excessive and should be reduced.
La.C.C.P. art. 3608 provides:
“The court may allow damages for the wrongful issuance of a temporary restraining order or preliminary injunction on a motion to dissolve or on a reconven-tional demand. Attorney’s fees for the services rendered in connection with the dissolution of a restraining order or preliminary injunction may be included as an element of damages whether the restraining order or preliminary injunction is dissolved on motion or after trial on the merits.”
We are of the opinion that even though counsel for appellees did not introduce evidence as to the value of services rendered on behalf of his clients, the trial judge before whom the services were performed was nevertheless able to estimate a value and make an award for the services. Primeaux v. Hinds, 350 So.2d 1310 (La.App. 3rd Cir. 1977).
Furthermore, considering the trial judge’s much discretion and his better position to assess the value of the services, we find no abuse as to the amount awarded for attorney’s fees.
For the foregoing reasons the trial court’s award of $500.00 in attorney’s fees is affirmed at appellant’s costs.
AFFIRMED.