BOUTALL, Judge.
This appeal arises from a judgment of the trial court awarding damages to the plaintiff for the alleged acts of the defendant in using the judicial process to wrongfully stop the plaintiff from construction of a building which had previously been approved by the Zoning Variance Board and the Department of Safety and Permits for the City of New Orleans.
On May 21, 1976, Julian Roy filed suit against Edward C. Kurtz as director of the Department of Safety and Permits for the City of New Orleans (hereinafter referred to as the Department) seeking a writ of review and/or certiorari by the district court from a decision of the Board of Zoning Adjustments (hereinafter referred to as the Board). This Board had previously granted the request of John Jay Grisaffi on April 23,1976, to make certain construction changes to his property located at 540 Robert E. Lee Blvd. in New Orleans. On April 14, 1977, a building permit was issued to Grisaffi by the Department to permit him to make the construction changes to his property in accordance with the decision of the Board. Two weeks later on April 29, 1977, Roy, by an amended petition, requested that a temporary restraining order as well as a preliminary and permanent injunction be issued so as to restrain Grisaffi from construction. A temporary restraining order was issued beginning on May 3, 1977 thereby ordering the Board and the Department to recall the permits which they had previously issued to Grisaffi for construction on his property. In connection with this restraining order a stop-work order was issued by the Department on May 4,1977, as to the property owned by Grisaf-fi. The effect of this order was to halt construction on this building which had previously begun. Trial was conducted on May 20, 1977, after which the lower court ordered that the ruling of the Board be affirmed, thereby approving the zoning variation. The trial court further ordered that all other demands including the temporary restraining order and the request for a preliminary and permanent injunction be dismissed. Despite this judgment the stop-work order was not lifted by the Department and remained in effect. From this judgment Roy appealed suspensively. Ap *258 proximately one year later the Fourth Circuit Court of Appeals upheld the judgment of the trial court. Roy v. Kurtz, 357 So.2d 1354 (4th Cir. 1978). This decision became definitive on June 30, 1978 when the Supreme Court denied an application for writs. Following the action taken by the Supreme Court, the stop-work order was lifted. Hence, the stop-work order as to the property owned by Grisaffi remained in effect for over one year.
On May 18, 1979, the plaintiff, Grisaffi, instituted legal proceedings against the defendant Roy to recover damages for the one year and three months delay in construction to the plaintiff’s building, which was allegedly caused by the defendant’s improper use of the legal process. Roy answered denying owing any liability unto Grisaffi and further filed several exceptions including no cause of action, no right of action, and prescription. The various exceptions were dismissed by the lower court. Upon trial of this matter the lower court entered judgment in favor of Grisaffi ind against Roy in the amount of $18,271.81. From this judgment Roy has appealed suspensively.
On appeal there are two basic issues before us. They are: 1.) Whether the defendant has committed any acts which render him liable unto the plaintiff; 2.) if so, whether the plaintiff has sustained any damages as a result of these acts.
In pursuing this matter Grisaffi has set forth two basic theories in order to establish liability on the part of Roy. The first concerns a claim of malicious prosecution. The basic requirements necessary for establishing a claim of this type are well known. In Kogos v. Rittiner, 228 So.2d 62, 69 (4th Cir. 1969) this court summarized these requirements as follows:
“(4) We recognize the fact that a suit for damages arising out of a ‘malicious prosecution’ is not limited to criminal prosecutions, but may also result from civil actions. * * * *
* * * * The test applied to determine liability in such cases was stated by our Supreme Court in Eusant v. Unity Industrial Life Ins. and Sick Benefit Ass’n, 195 La. 347, 196 So. 554, 556 (1940), and applied in later cases as follows:
‘ “An action for maliciously putting the law in motion lies in all cases where there is a concurrence of the following elements: (1) The commencement or continuance of an original criminal or civil judicial proceeding. (2) Its legal causation by the present defendant against plaintiff who was defendant in the original proceeding. (3) Its bona fide termination in favor of the present plaintiff. (4) The absence of probable cause for such proceeding. (5) The presence of malice therein. (6) Damage conforming to legal standards resulting to plaintiff. * * ” ’
Also See Junot v. Lee, 372 So.2d 707 (4th Cir. 1979).
Upon a review of the record before us we find that two of the six basic elements necessary to establish a claim for malicious prosecution have not been proved by Grisaf-fi. LSA R.S. 33:4727 permits any person who is aggrieved by a decision of the Board to present to the district court a request for a writ of certiorari directed to the Board for review of its decision. Roy brought fourth a claim pursuant to this statute. Furthermore, the grounds set forth in his petition requesting such a review were plausible. Accordingly, we find that the element of an absence of probable cause did not exist in connection with Roy’s claim. The second element which was not proved by Grisaffi was that of malice. Regarding this element there can be little doubt that the primary concern of Roy in prosecuting his claim was the protection of his property as well as that of his neighbors residing nearby.
The second theory asserted by Gri-saffi is based on the alleged acts of Roy in improperly using the judicial process which resulted in a stop-work order remaining in effect for over 1 year thereby causing Gri-saffi to sustain damages. This theory was adopted by the trial court in rendering its judgment. Based on the record before us we find that Roy is not responsible for the *259 more than one year delay in lifting the stop-work order. The facts indicate that Roy amended his original petition on April 29, 1977 requesting that a temporary restraining order be issued and further that a preliminary and permanent injunction be issued upon proper hearing. Pursuant to this request a Temporary Restraining Order was issued for a period of 16 days. This action prompted the Department to issue a stop-work order as to the construction project begun by Grisaffi. Upon trial of the matter, on May 20, 1977, Roy’s request for an injunction was denied and the temporary restraining order was dissolved. As a result of the action taken by the trial court there was no longer any need for the stop-work order to remain in effect and further it should have been lifted. The fact that it was not lifted until over one year later after the Supreme Court denied writs does not place the blame upon Roy. One apparent reason for the delay is a lack of communication between the City Attorney’s Office and the Department as to the effect of the trial court’s decision. Another suggested reason is the lack of knowledge by Grisaffi of the effect of this decision. If the proper communication had been made or if Grisaffi had the proper knowledge and understanding then the stop-work order would have been lifted thereby permitting Grisaffi to continue construction without sustaining any damages due to delay.
As indicated above, the trial court in the case of Roy v. Kurtz as director of the Department dismissed the various types of injunctions requested and affirmed the decision of the Board. The trial court in the case before us in its reasons for judgment indicated that the suspensive appeal taken by Roy from the judgment in the first case had the effect of holding in abeyance the question of whether the permits issued by the Department and the Board were valid and therefore had the effect of causing the city to continue its stop-work order until a final judgment was rendered. We disagree with this finding for two reasons. First, the suspensive appeal taken by Roy from the judgment of the trial court which affirmed the decision of the Board merely held in abeyance the ruling of the trial court. It had no effect whatsoever on the decision of the Board. The only method for affecting the decision of the Board would be a restraining order issued by the trial court such as occurred for a short period in the first case but which was later revoked at trial on the merits. See LSA R.S. 33:4727. Secondly, the suspensive appeal taken by Roy from the trial court’s judgment denying the injunctions also had no effect on the Board’s decision. Since there was no injunction in effect, the suspensive appeal accomplished nothing for Roy since there was in reality nothing to suspend. Guillot v. Town of Lutcher, 368 So.2d 210 (4th Cir. 1979). This reasoning can be understood best by the illustration used by this court in Hibernia National Bank of New Orleans v. Mary, 167 So.2d 200, 203 (4th Cir. 1963). Our court stated:
“By way of illustration, let us assume that A seeks to enjoin B from demolishing a house and judgment denies preliminary injunction. A suspensive appeal is ordered and all further proceedings are stayed pending appeal. Certainly this would not stop A from proceeding with the demolition of the house.”
Despite our findings above, it appears that Roy should be liable for the wrongful issuance of the temporary restraining order. However, the record before us offers no evidence as to any damages sustained by Grisaffi as a result of the 16 day delay during which the stop-work order was in effect as a result of the wrongfully issued temporary restraining order. Moreover, LSA-C.C.P. Art. 3608 provides that damages for wrongful issuance of a temporary restraining order may only be allowed upon either a motion to dissolve or on a reconven-tional demand. Neither of these pleadings are present in the record before us. Accordingly, Roy is not liable for the wrongful issuance of a restraining order.
Having found that Roy is not liable unto Grisaffi there is no need for us to consider the second issue pertaining to damages. For the foregoing reasons, the judgment of the trial court is reversed.

REVERSED.