SCHOTT, Judge.
Mrs. Joyce Anear Fauria, in her capacity as administratrix of the succession of her mother, obtained a temporary restraining order on September 24, 1980, against Iona *262 Morris, also a daughter of decedent, preventing her from transacting any business on her individual bank account. She also filed a rule for a preliminary injunction which was set for October 3. On the day of the hearing Morris filed a motion to dissolve the restraining order and for damages and attorney’s fees. The trial court dissolved the restraining order and awarded Morris damages of $300 and attorney’s fees of $300. In this appeal from that judgment Pauria concedes that the restraining order was wrongfully obtained and issued, but she contends that the record does not support an award for damages or attorney’s fees because no evidence was taken at the hearing. Alternatively, she argues that the amounts of the damages and attorney’s fees are excessive.
LSA C.C.P. Art. 3608 provides as follows: “The court may allow damages for the wrongful issuance of a temporary restraining order or preliminary injunction on a motion to dissolve or on a reconven-tional demand. Attorney’s fees for the services rendered in connection with the dissolution of a restraining order or preliminary injunction may be included as an element of damages whether the restraining order or preliminary injunction is dissolved on motion or after trial on the merits.”
This article vests the trial judge with much discretion in allowing some damages to Morris simply by virtue of the fact that she was deprived of access to her bank account for almost ten days. Pauria concedes this, stating in her brief: “The wrongful issuance of restraining order is only prima facie evidence of damages and attorney’s fees.” However, she complains that evidence should have been taken so that she could rebut this presumption. There is no indication in the record that the trial judge curtailed Fauria’s right to present evidence at the hearing. The judgment shows that her attorney was present in court so that she had the opportunity to subpoena and call witnesses at the hearing had she wished to do so. The damages allowed Morris were nominal and were within the discretion of the trial court to compensate her for the inconvenience and embarrassment she suffered.
As to the attorney’s fees, Morris’ entitlement to them is likewise based upon the discretion vested in the trial judge under Art. 3608. Although she did not offer any evidence to establish the proper amount of the attorney’s fees, the trial judge, in such a case, is able to estimate the value of such services within the discretion vested in him by Art. 3608. Craddock v. Crowe, 388 So.2d 69 (La.App. 1st Cir.1980).
Accordingly, the judgment appealed from is affirmed.
AFFIRMED.