459 So.2d 673 (1984)
JOSEPH FEIN CATERER, INC. d/b/a the Court of Two Sisters Restaurant
v.
E. Lorenz BORENSTEIN and E. Lorenz Borenstein d/b/a Jacinto Hotel.
No. CA 1975.
Court of Appeal of Louisiana, Fourth Circuit.
November 14, 1984.
*674 Joseph W. Nelkin and Warren J. Pickle, Baskin & Sears, P.C., New Orleans, for plaintiff-appellant.
Charles E. McHale, Jr., New Orleans, for defendant-appellee.
Before REDMANN, C.J., and GARRISON and KLEES, JJ.
GARRISON, Judge.
This is an appeal from a judgment dismissing plaintiff Fein's petition for damages for the wrongful issuance of a temporary restraining order. The following chain of events preceded this lawsuit: The late Mr. Joseph Fein and the late Mr. E. Lorenz Borenstein owned adjoining property in the French Quarter which shared a common wall. In April, 1974, the construction of additions and alterations began on Fein's property on which the Court of Two Sisters Restaurant is located. On April 26, 1974, Borenstein filed a petition to "abate a nuisance under Louisiana Civil Code Article 666-669" and asked for a temporary restraining order. The order was issued on April 29, 1974 and remained in effect for seventeen days. On May 7, 1974, Fein filed an answer and reconventional demand in which he requested that the temporary restraining order be dissolved and that he be awarded damages and attorney's fees for the wrongful issuance of the order. Additionally, Fein filed an exception of no cause of action. On May 15, 1974, Fein's exception of no cause of action was maintained and his rule to set aside the temporary restraining order was made absolute. Borenstein appealed from the judgment maintaining the exception of no cause of action. On February 14, 1975, the Fourth Circuit Court of Appeal reversed the decision of the trial court and held that Borenstein had stated a cause of action in his petition. Therefore, the judgment maintaining the exception of no cause of action was annulled and the case was remanded to the trial court to await further action. On March 14, 1980, Fein filed a motion to dismiss Borenstein's case for want of prosecution stating that more than five years had elapsed from the refusal of the Court of Appeal to rehear its decree. This motion was granted and the case was dismissed. On March 14, 1980, Fein filed a new petition for damages for the unauthorized use of the injunctive process. In this petition, Fein asked for the same relief for *675 which he prayed in the reconventional demand of the earlier case. On April 29, 1981, Borenstein filed a motion to dismiss the reconventional demand of the earlier case for want of prosecution. This step was necessary because the dismissal of the main demand in the earlier suit did not affect the reconventional demand. Therefore, when Fein filed the suit of March 14, 1980, the reconventional demand of the earlier case which asked for the same relief was still a viable petition. The motion to dismiss the reconventional demand was granted by the trial judge.
After trial on the merits of the present suit, the trial judge dismissed Fein's petition. The trial judge concluded that two theories of recovery are available for the wrongful issuance of a temporary restraining order: (1) Code of Civil Procedure Article 3608 and (2) the theory of malicious prosecution as discussed in the case of Grisaffi v. Roy, 400 So.2d 256 (La.App. 4th Cir.1981).
Code of Civil Procedure Article 3608 states as follows:
The court may allow damages for the wrongful issuance of a temporary restraining order or preliminary injunction on a motion to dissolve or on a reconventional demand. Attorney's fees for the services rendered in connection with the dissolution of a restraining order or preliminary injunction may be included as an element of damages whether the restraining order or preliminary injunction is dissolved on motion or after trial on the merits.
The trial judge concluded that Fein could not recover under this article because he sought damages with a new petition rather than with a motion to dissolve or with a reconventional demand. Counsel for Fein argues that this reasoning is a misinterpretation of C.C.P. Art. 3608. He argues that a motion to dissolve and a reconventional demand are not the exclusive vehicles by which an action for the wrongful issuance of a temporary restraining order may be asserted; rather, he contends that Article 3608 merely provides these methods as an alternative to the offended party.
We interpret the word "may" in this article to mean only that the decision whether or not to award damages for the wrongful issuance of a temporary restraining order is within the trial judge's discretion. It is clear from the article that if such an action for damages is pursued, it can only be asserted by way of a motion to dissolve or a reconventional demand. Therefore, we agree with the trial court's decision to disallow Fein's recovery under this article.
On the issue of recovery under a malicious prosecution theory, the controlling case is Grisaffi v. Roy, supra. The trial judge concluded that Fein failed to establish two of the six elements for recovery under a malicious prosecution theory as required by Grisaffi: 1) absence of probable cause and 2) malice. A review of the record indicates that no evidence was introduced at trial by the plaintiff to prove the existence of either of these elements. Furthermore, testimony was given at trial which indicated that Mr. Borenstein's only concern in this action was the protection of his property rights. This testimony was introduced in order to rebut any possible inference of malice on Mr. Borenstein's part. It should be noted that the plaintiff's case at trial consisted exclusively of testimony as to quantum. Additionally, counsel for Borenstein presents the further argument that a third element necessary for a malicious prosecution suit has not been established, i.e. the bona fide termination of the prior lawsuit in favor of the present plaintiff. In this case, neither party prevailed in the prior suit because the case was remanded to the trial court and later dismissed for want of prosecution.
The plaintiff has failed to establish these three essential elements for recovery under a malicious prosecution theory. Therefore, we affirm the trial court's decision to dismiss plaintiff's petition. All costs are assessed to the plaintiff.
AFFIRMED.
*676 REDMANN, C.J., concurs with written reasons.
REDMANN, Chief Judge, concurring.
C.C.P. 3608 and its source, C.P. 375 (1870), provide, contrary to the general rules, (1) that damages may be sought by the summary procedure of the motion to dissolve rather than by ordinary procedure, and (2) that reconvention in the ordinary mode of procedure is allowable although the principal action is brought in the summary mode as one of the "otherwise" exceptions to C.C.P. 1036's requirement that the mode of procedure in incidental and principal actions "shall be the same..., except as otherwise provided by law."
The notion that one could not claim damages by ordinary process is novel, despite the "Moreover" obiter dictum of Grisaffi v. Roy, 400 So.2d 256, 259 (La.App. 4 Cir. 1981), that reads art. 3608's "may" as "may only." (Art. 3608's words are: "The court may allow damages ... on a motion to dissolve or on a reconventional demand." Grisaffi reads it: "Art. 3608 provides that damages ... may only be allowed upon either a motion to dissolve or on a reconventional demand.")
It appears to this writer a fundamental concept that any claim presentable by reconvention is presentable by independent action. Even the project of the 1825 Code of Practice, in an article closely following the source of C.P. 375 (1870), expressly so declares. See also La. Const. art. 1 § 22's guarantee that courts "shall be open ... [to afford] adequate remedy ... for injury...."
I concur in the affirmation on the ground that defendant's exception of prescription should have been maintained.