522 So.2d 172 (1988)
Bruce C. ASHLEY, II
v.
Ronald A. WELCKER. et al.
Ronald A. WELCKER, et al.
v.
Bruce C. ASHLEY, II.
Nos. CA-7402, CA-7403.
Court of Appeal of Louisiana, Fourth Circuit.
March 10, 1988.
Rehearing Denied April 13, 1988.
*173 Lowe, Stein, Hoffman & Allweiss, Robert C. Lowe, Edith H. Morris, Elizabeth H. DePass, New Orleans, for appellees.
Wessel, Bartels & Ciaccio, William F. Wessel, Victoria Lennox Bartels, New Orleans, for appellant.
Before LOBRANO, WILLIAMS, and ARMSTRONG, JJ.
WILLIAMS, Judge.
This is an appeal by plaintiff Bruce C. Ashley, II from a decision by the trial court concerning the dissolution of his law partnership with defendant Ronald A. Welcker. Although at trial there appeared to be some confusion as to whether the law firm and the parties to the case were professional corporations or individuals, the trial court eventually concluded that the professional corporations of the attorneys involved were the proper parties, and neither party has contested this issue on appeal.
The following facts were adduced at trial:
On April 1, 1981, plaintiff and defendant entered into a professional law partnership. This partnership lasted until April 1, 1983. In an attempt to avoid unpleasant litigation concerning the dissolution of the firm, the partners divided up their physical assets and apparently agreed on the distribution of any money received from their pending cases. Notwithstanding the intent of both parties, it became clear that there was some confusion and misunderstanding between them as to the oral agreement that they had reached about any money to be received in the future. Defendant filed suit against plaintiff requesting dissolution of the partnership and an accounting and liquidation of its affairs. Plaintiff filed suit against defendant and his current partnership, claiming over $67,000.00 for past due fees that defendant owed him. Plaintiff eventually amended his petition seeking injunctive relief prohibiting defendant and his current firm from distributing any fees received from a case that had been opened while the partnership was still extant. These two suits were consolidated for trial.
A temporary restraining order was issued in the case involving the injunctive relief filed by plaintiff. Defendant filed a rule for dissolution of the temporary restraining order and a request for damages and attorney's fees. This hearing was set at the same time as the hearing for the motion for preliminary injunction. At that hearing, the request for the preliminary injunction was denied and the temporary restraining order was dissolved. The trial court later awarded defendant attorney's fees and damages for the wrongful issuance of the temporary restraining order.
Defendant also filed a motion to strike the jury request of plaintiff on the issue of past due amounts of $67,100.00. Defendant *174 successfully argued that, due to the nature of the proceedings, plaintiff was not entitled to a jury trial. The trial court sustained the motion, and trial was held before the judge. After trial on the merits, the lower court ruled that the partnership had been dissolved on April 1, 1983, and appointed a liquidator. The trial court found that the fee arrangement between the parties had been that 60% would go to the handling attorney and 40% to the other attorney for the first six months following dissolution, and on a quantum meruit basis thereafter. Plaintiff appeals from this ruling on three grounds, arguing that the trial court erred in: (1) its handling of the award of attorney's fees and damages for the dissolution of the temporary restraining order; (2) granting defendant's motion to strike the jury; and (3) its determination of the fee arrangement that the parties had agreed to upon dissolution.
ATTORNEY'S FEES FOR DISSOLUTION OF TEMPORARY RESTRAINING ORDER
Plaintiff argues that the trial court was in error in awarding attorney's fees to defendant in connection with the dissolution of the temporary restraining order.
Defendant argues that plaintiff's appeal of this order is untimely. Article 3612 of the Louisiana Code of Civil Procedure prohibited plaintiff from appealing the order by itself at the time it was entered. We now will consider it on appeal of the entire case.
The Louisiana Code of Civil Procedure clearly provides for the recovery of attorney's fees and other damages for the wrongful issuance of a temporary restraining order. La.C.Civ.Pro. art. 3608. See also Escat v. N.B.C. of New Orleans, 284 So.2d 832 (La.App. 4th Cir.1973).
Plaintiff raises as an issue the failure of the defendant to introduce evidence of his attorney's fees and damages relating to the dissolution. In previous decisions, however, this court has held that the trial court has the discretion to determine the amount of damages and estimate the value of legal services. See e.g., Succession of Ancar, 421 So.2d 261 (La.App. 4th Cir. 1982); Primeaux v. Hinds, 350 So.2d 1310 (La.App. 3d Cir.1977).
Furthermore, unlike the cases cited by plaintiff in brief to this court, the issues that were presented at the hearing on the motion to dissolve and the request for preliminary injunction, were not moot. The expense of attorney's fees, therefore, was necessary.
For these reasons, we find no error in the trial court's decision to award defendant attorney's fees and damages, and we find that the amounts awarded were not excessive.
JURY TRIAL
Plaintiff Ashley prayed for a jury trial on the issue of "amounts past due." For support, he relied upon this court's decision in Douglas v. Thomas, 489 So.2d 449 (La.App. 4th Cir.1986). In Douglas, the trial court found that the jury trial was not improper on the issue of an alleged settlement agreement between two law partners. We note that no party to the proceedings in the Douglas decision had objected to a jury trial. Furthermore, in his concurrence, Chief Judge Redmann indicated that the trial judge may have been wrong in granting the trial by jury in such a case but that considering that the parties were attorneys, judicial economy justified the acquiescence in a jury trial.
Defendant objected to the jury trial on the grounds that Article 1732 of the Louisiana Code of Civil Procedure provides that a jury trial is not available on either a suit on an unconditional obligation to pay a specific sum of money, or a summary or partition proceeding. Plaintiff actually has three demands set forth in this suit: (1) payment of $67,100.00 which he claims was due under the alleged agreement of termination; (2) his entitlement to a percentage of the fees earned by defendant in the future for certain cases which were pending at the time of the dissolution; and (3) that a liquidator be appointed.
We have considered all of these claims, and find that they all relate to the liquidation of the partnership. A partnership is liquidated similarly to a corporation. A *175 liquidation is a summary proceeding in which a jury trial is not available. La.Civ. Code art. 2834; La.R.S. 12:146(A). The trial court, therefore, was correct in refusing to grant plaintiff a jury trial.
Plaintiff alleges that his claim for the $67,100.00 is triable to a jury because it seeks an award of money damages. Because of this, he claims that the case could be severed and the jury could have considered this one specific issue. We reject this argument, because we find that all of the issues concern plaintiff's and defendant's requests for liquidation and therefore are not triable by jury.
DISSOLUTION AGREEMENT
Plaintiff argues that the trial court was in error in accepting defendant's testimony in making its determination as to the arrangement the partners entered into upon dissolution of the partnership.
Defendant testified that any fee received by either partner for six months following the April 1 dissolution would be split on a 60%-40% basis, 60% going to the partner who had continued to handle the case following the dissolution. After that six month period, any fee would be distributed on a quantum meruit basis. Plaintiff testified that the agreement called for the fees to be split on a 55%-45% basis for the first six months and at any time after the first six months period on a 60%-40% basis. Plaintiff's secretary, Cindy Jones, testified that it was her understanding that the fees would be split between the two former partners in the manner described by the plaintiff. The trial court obviously found Ms. Jones's testimony to be unpersuasive.
We have reviewed the testimony in its entirety on this issue, and cannot find that the trial court committed manifest error in its evaluation of the credibility of these witnesses. Canter v. Koehring Co., 283 So.2d 716 (La.1973). There is ample evidence in the record to support defendant's position, which was accepted by the trial court, as to the distribution of proceeds that the partnership earned subsequent to its dissolution.
For the foregoing reasons the decision of the trial court awarding defendant attorney's fees for the dissolution of the temporary restraining order, refusing to grant plaintiff a jury trial on certain portions of his claims, and setting forth the formula for liquidation and division of the fees are affirmed. All costs of this appeal to be borne by plaintiff.
AFFIRMED.