CRAIN, Judge.
This is an appeal of a judgment of the trial court denying damages for wrongful seizure.
FACTS
On January 17,1983, a judgment of separation was entered by the court between Nathaniel and Daisy Matthew Stewart. On March 17, 1983, the trial court amended its prior judgment to provide attorney fees in the amount of seven hundred fifty dollars to be paid to each attorney from the assets comprising the community of acquets and gains. On July 11, 1983, Mr. Stewart’s attorney, Walton Barnes, obtained a writ of fieri facias, on behalf of Mr. Stewart, ordering the sheriff to seize a 1981 Chevrolet Chevette that was purchased during the marriage. The car was in both parties’ names and comprises the only community asset other than a small joint bank account. The automobile was in Mrs. Stewart’s possession at the time. She moved the car to Baton Rouge in order to prevent seizure by the sheriff. On July 22, 1983, she filed a *116 “Petition for Injunction” alleging that the writ of fiera facias was wrongfully issued. Mr. Stewart learned of the location of the car and another writ of fiera facias was issued on August 26, 1983. The car was seized pursuant to the second writ. Mrs. Stewart did not attempt to enjoin the sale of the automobile but instead, on August 29, 1984, amended her petition to add Walton Barnes as a defendant. On August 22, 1984, the car was sold at public auction to the highest bidder (only bidder), Nathaniel Stewart, for the amount remaining due on the financing arrangement with GMAC.
The trial court determined that the car was community property and that the appellant failed to request injunctive relief to prevent the sale. The trial court did not find that the writ of fieri facias was wrongfully issued. The court found that the appellant failed to prove “ulterior purpose and/or irregular process” on the part of Walton Barnes as alleged in her amended petition. The trial court rejected the claims of the appellant.
The issues for review are whether the appellant complied with the provisions for injunctive relief under La.C.C.P. art. 2298; whether an award of attorney fees to the attorneys is an award to the clients and, if so, whether these awards from community assets would be offset or compromised; whether the attorney is personally liable for damages for filing a writ of fieri facias on behalf of his client in this case; whether an attorney may execute on an award of attorney fees without instituting a partition proceeding. The appellant argues, in brief, the status of the automobile as community or separate property. This issue was not appealed nor assigned as error and is not before us.
DAMAGES FOR WRONGFUL SEIZURE WITHOUT INJUNCTIVE RELIEF
La.C.C.P. art. 2298 provides for injunc-tive relief to prohibit the sheriff from proceeding with a sale of property seized under a writ of fieri facias. It further provides that the court may allow damages, in the event injunctive relief is granted, if the court finds the seizure to be wrongful.
The appellant filed a “Petition for Injunction” in the divorce proceeding. The petition mentions enjoining Nathaniel Stewart from seizing the automobile, but does not request that the sheriff be enjoined from seizing or selling the car. Although the petition mentions injunctive relief against Stewart, the plaintiff prayed only for damages and requested no injunction issue. Consequently, the petition and amended petitions were petitions for damages. Appellant was fully aware of the ongoing seizure and sale of the property since she secreted the automobile for a year before it was found by the sheriff. She had ample opportunity to enjoin the sale if the seizure was improper.
In Sondes v. Sears, Roebuck and Company, 501 So.2d 829 (La.App. 4th Cir.1986) the court held that a claim for damages for wrongful attachment or sequestration must be filed by contradictory motion or reconventional demand in the same action to dissolve the writ of sequestration as provided by La.C.C.P. art. 3506. See also Joseph Fein Caterer, Inc. v. Borenstein, 459 So.2d 673 (La.App. 4th Cir.1984) which held that La.C.C.P. art. 3605 provides a similar requirement for a claim for damages for wrongful issuance of a temporary restraining order or preliminary injunction. In view of the language of La.C.C.P. art. 2298, we find no reason to apply a different standard for damages for wrongful seizure pursuant to a writ of fieri facias.
Since appellant has not complied with the procedures necessary for obtaining damages for wrongful seizure, we do reach the question of whether the seizure was, in fact, wrongful.
PERSONAL LIABILITY OF THE ATTORNEY
The appellant next alleges that it was error on the part of the trial court to fail to find Nathaniel Stewart's attorney, Walton Barnes, personally liable for his actions in obtaining the writ of fieri facias. The appellant alleged in her petition that Walton Barnes had “an ulterior purpose” and had engaged in the “use of process not proper in the regular prosecution of the proceed *117 ing.” The trial court held that the appellant failed to prove these allegations and failed to show any liability on the part of Walton Barnes for his actions as an attorney. We find no error. Appellant relies on the fact that the automobile was valued less than the amount owed on the financing arrangement with GMAC at the time of seizure. She further argues that Walton Barnes received nothing from the seizure and sale of the car. The car was the only asset of any value in the community. Consequently, it was the only asset the attorney could look to for payment of the fee. This assignment lacks merit.
DECREE
We affirm the judgment of the trial court. All costs of this appeal are assessed against the appellant.
AFFIRMED.