|,TERRI F. LOVE, J.
Chimneywood Homeowners Association, Inc. appeals a Civil District Court judgment which granted a request by plaintiffs, Kim Weaver and her family, for a preliminary injunction to order Chimneywood to reconnect water service in the Weavers’ condominium unit and to prohibit Chim-neywood from again disconnecting water service to the unit until the conclusion of Chimneywood’s suit against the Weavers in First City Court in New Orleans. Although Chimneywood presents six issues on appeal, we find that each issue except one was rendered moot by an August 21, 2001 judgment in the First City Court lawsuit.
On April 20, 2001, the Weavers filed a petition in Civil District Court, Parish of Orleans, for a temporary restraining order and for a rule for preliminary injunction against Chimneywood, the homeowners’ association governing the complex in which the Weavers owned a condominium unit. The Weavers alleged that on March 27, 2001, Chimneywood filed a petition in First City Court against them for damages and attorney fees related to overdue condominium assessments. The Weavers also alleged that on April 19, 2001, Chimneywood had the water supply cut off to their unit.
Also on April 20, 2001, the judge on duty in Civil District Court signed an order purporting to direct Chimneywood to reconnect water services to the ^Weavers’ unit but denying the Weavers’ request that Chimneywood be restrained from again disconnecting water to the unit until after the conclusion of the First City Court suit. The duty judge further ordered that a show cause hearing be held on the issuance of a preliminary injunction. Chim-neywood then filed an exception of no cause of action to the petition for temporary restraining order and for preliminary injunction. A hearing on these matters was apparently held on May 25, 2001.
On June 1, 2001, the trial court issued a judgment granting a preliminary injunction to the Weavers, denying Chimney-wood’s exception of no cause of action and ordering the Weavers to provide a personal surety bond of $5,000.00 as security for the preliminary injunction. Chimneywood appeals this judgment.
Meanwhile, in the First City Court suit, the court held a hearing on August 14, 2001 on Chimneywood’s rule to show cause why it should not be allowed to terminate water service to the Weavers’ unit. By judgment of August 21, 2001, the First City Court judge granted Chimneywood’s rule, stating:
Plaintiff [Chimneywood] has shown that it provides services to the defendants, [and] that the defendants have not paid dues and assessments for those services. Plaintiff has shown that it is entitled under the Association Declarations and under its bylaws, and under Louisiana State Law, to terminate the water services it supplies to the plaintiffs. Any attempt by the plaintiffs to reconnect water service, once terminated by the Association, without the consent of the *1073 Association, shall be a violation of this judgment and order.
Chimneywood asserts that the Weavers did not appeal the First City Court judgment and that the water to the Weavers’ unit remained disconnected as of the date Chimneywood’s brief was filed in this appeal. The Weavers do not dispute these assertions.
In its appeal, Chimneywood makes the following six arguments: (1) The Weavers did not suffer irreparable injury so as to entitle them to injunctive relief. (2) An evidentiary hearing is required before a preliminary injunction is granted. | s(3) The Weavers improperly argued causes of action and facts not pleaded. (4) The Weavers are not entitled to a “judicial hearing” before water service to their unit is disconnected. (5) The trial court improperly allowed a personal surety bond for the preliminary injunction, "with no real property in the state as security. (6) Chimneywood is entitled to damages for a wrongfully obtained preliminary injunction and for its dissolution.
Acknowledging that the action purportedly taken because of the preliminary injunction at issue in this appeal has been remedied to its satisfaction by virtue of the subsequent First City Court judgment in its favor, Chimneywood nevertheless seeks a ruling on the issues it raises because several similar cases are pending in Civil District Court and First City Court. The Weavers assert that Chimneywood’s claims are moot because of the First City Court judgment.
We disagree with Chimney-wood’s reasoning. It is well settled that appellate courts will not render advisory opinions from which no practical results can follow and that moot questions will not be considered on appeal. See for example Whitney Nat. Bank of New Orleans v. Poydras Center Assoc., et al., 468 So.2d 1246 (La.App. 4 Cir.1985). Cases submitted for adjudication must be justiciable. A “justiciable controversy” is defined as an “existing actual and substantial dispute ... which involves the legal relations of the parties who have real adverse interest .... ” Louisiana Associated Gen. Contractors, Inc. v. State Through Div. of Admin., Office of State Purchasing, 95-2105, pp. 9-10 (La.3/8/96), 669 So.2d 1185, 1193.
Considering the posture of the case before us and the stances taken by the parties, we find that the first five issues presented by Chimneywood are moot because of the First City Court judgment which was apparently not appealed by the Weavers. As the case now stands, neither Chimneywood nor the Weavers has a legally cognizable interest in the final determination of the underlying questions of | ¿fact and law in this case. See Louisiana Assoc. Gen. Contractors, 669 So.2d at 1195.
Although the final issue presented by Chimneywood — its request for damages for the wrongful issuance of a preliminary injunction — is arguably not moot, it has no merit. In response to Chimneywood’s last issue, the Weavers assert that although the Civil District Court judge signed the judgment granting a preliminary injunction, no actual injunction issued from the clerk’s office and that the trial court’s judgment was fatally defective anyway because the acts to be enjoined were not specified or described in the judgment. Chimneywood does not dispute these assertions.
We find the Weavers’ arguments compelling in this regard. The record contains no proof that the injunction at issue was in fact issued. Moreover, La.Code Civ.P. art. 3605 requires an order granting a preliminary injunction to describe in reasonable detail the act sought to be restrained. In this case, the Civil District Court judgment of June 1, 2001 is devoid of any description of conduct sought to be *1074 restrained. It does not comply with the requirement of art. 3605 and is, therefore, defective. See Lucky Coin Machine Co., Inc. v. Hillensbeck, 2000-0313 (La.App. 4 Cir. 2/16/01), 778 So.2d 1262, 1264.
Finally, notwithstanding that the Civil District Court’s judgment does not appear to be a validly issued preliminary injunction, Chimneywood’s request for damages still lacks a valid basis. La. Code Civ.P. art. 3608 permits damages for the wrongful issuance of a preliminary injunction on a motion to dissolve or on a reconventional demand, neither of which Chimneywood sought. Furthermore, Chimneywood acknowledges that most of its claimed damages stem from attorney fees associated with pursuing this appeal. Even without the various defects in Chim-neywood’s request for damages, a damage award for attorney fees spent to pursue this particular appeal is not merited.
IsAccordingly, because the basic issues presented in this appeal are moot, this appeal is dismissed.
APPEAL DISMISSED.