| CDW SERVICES, LLC | * | NO. 2024-CA-0083 |
|---|---|---|
| VERSUS | * | |
| | | COURT OF APPEAL |
| CITY OF NEW ORLEANS AND | * | |
| MAYOR LATOYA CANTRELL | | FOURTH CIRCUIT |
| IN HER OFFICAL CAPACITY | * | |
| AS MAYOR OF THE CITY OF | | STATE OF LOUISIANA |
| NEW ORLEANS | * * * * * * * | |

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2023-05493, DIVISION "F-14"
Honorable Jennifer M. Medley
* * * * * *
**Judge Nakisha Ervin-Knott**
* * * * * *

(Court composed of Judge Daniel L. Dysart, Judge Joy Cossich Lobrano, Judge Nakisha Ervin-Knott)

Frank A. Milanese
FRANK A. MILANESE, PLC
650 Poydras Street, Suite 2708
New Orleans, LA 70130

    COUNSEL FOR PLAINTIFF/APPELLANT

Corwin St. Raymond
DEPUTY CITY ATTORNEY
Donesia D. Turner
CITY ATTORNEY
CITY OF NEW ORLEANS
1300 Perdido Street, Room 5E03
New Orleans, LA 70112

    COUNSEL FOR DEFENDANT/APPELLEE

Jeffery K. Prattini
PRATTINI LAW FIRM, L.L.P.
300 Board of Trade Place
New Orleans, LA 70130

    COUNSEL FOR INTERVENOR/APPELLEE

**MOTION TO DISMISS APPEAL DENIED;
JUDGMENT VACATED; REMANDED
September 24, 2024**

CDW Services, LLC ("CDW") appeals the trial court's October 5, 2023 judgment denying its petition for a preliminary injunction and awarding monetary damages to the City of New Orleans (the "City") and Verius Property Group, LLC ("VPG"). For the following reasons, we vacate the portion of the trial court's judgment awarding damages.

## RELEVANT FACTUAL AND PROCEDURAL HISTORY

On December 28, 2022, the City solicited bids for a public works contract titled Morris F.X. Jeff Sr. Pool Renovations, Proposal 2721 (the "Project"). Both CDW and VPG submitted sealed bids for the Project's contract, and the City ultimately awarded the contract to VPG. Although CDW protested the award, the City and VPG formally executed the contract for the Project on May 16, 2023.

On June 14, 2023, CDW filed a *Petition for Temporary Restraining Order, Preliminary Injunction, Permanent Injunction, Mandamus, and Declaratory Judgment*. CDW sought to enjoin the City from awarding the contract to any party other than itself and to prevent the City from moving forward with work on the Project until a full trial on the merits took place. The trial court issued the

1

restraining order that day and set the bond at $3,000.00.[1] In response, the City filed exceptions of unauthorized use of summary proceedings, prescription, and no cause of action. VPG subsequently intervened in the case and filed a reconventional demand and exceptions of prescription and mootness. The trial court heard and denied the exceptions on June 27, 2023. That same day, the trial court raised the bond to $291,000.00.[2]

On June 30, 2023, the trial court heard the merits of the request for a preliminary injunction.[3] At the conclusion of the hearing, the trial court denied the request for a preliminary injunction and awarded 95% of the restraining order bond to VPG and the remaining 5% to the City. The trial court issued its written judgment reflecting this ruling on October 5, 2023, and it mailed notice to the parties eleven days later. On October 20, 2023, CDW filed a motion for new trial. The trial court heard the merits of the motion for new trial on December 4, 2023, and it denied the motion. This appeal followed. In response, VPG filed a Motion to Dismiss Appeal as Untimely.

## ASSIGNMENTS OF ERROR

On appeal, CDW names one assignment of error—the trial court erred in granting money damages in connection with the dissolution of the restraining order without first conducting an evidentiary hearing.

---

[1] The acting duty judge initially set the bond and issued the restraining order.

[2] The record shows that the trial court signed an Order for Extension of TRO and Preliminary Reset Date that was dated for June 26, 2023. This written order increased the bond to $291,000.00. However, the date on this order appears to be incorrect because the court did not increase the bond until the parties raised the issue at the exceptions hearing, as reflected in the June 27, 2023 transcript.

[3] The same written order increasing the bond also ordered that the preliminary injunction hearing be conducted upon the verified pleadings and affidavits pursuant to La. C.C.P. art. 3609. Although the order did not specifically name article 3609, it stated, "**NO LIVE TESTIMONY PERMITTED BY COURT. AFFIDAVITS ONLY.**"

2

**MOTION TO DISMISS APPEAL**

We first review VPG's Motion to Dismiss Appeal as the motion contains a dispositive issue. VPG filed a motion to dismiss CDW's appeal as untimely under Louisiana Code of Civil Procedure article 3612, which states that an appeal on a preliminary injunction must be taken within fifteen days of the signing of the judgment. CDW contends that it is not appealing the trial court's denial of its preliminary injunction. Rather, it is appealing the trial court's award of damages and attorney's fees under article 3608. Yet, because the judgment contains multiple types of relief, CDW argues that the entire judgment should be considered as a final, appealable judgment. We address each issue in turn.

### *Whether CDW's appeal regarding the merits of the preliminary injunction judgment is timely*

A final judgment is appealable, but "[a]n interlocutory judgment is appealable only when expressly provided by law." La. C.C.P. art. 2083(A) and (C). A judgment that determines the merits of a case is a final judgment. La. C.C.P. art. 1841. A judgment that only determines a preliminary matter is an interlocutory judgment. *Id*. The grant or denial of a preliminary injunction is an interlocutory judgment. *Maqubool v. Sewerage and Water Bd. of New Orleans*, 2018-0572, p. 3 (La. App. 4 Cir. 11/14/18), 259 So. 3d 630, 632 (citing *Yokum v. Pat O'Briens Bar, Inc.*, 2015-0946, p. 2 (La. App. 4 Cir. 3/02/16), 190 So. 3d 352, 354). Therefore, the judgment in this case is an interlocutory judgment that is not appealable unless otherwise provided by law.

The Code of Civil Procedure does allow for a judgment on a preliminary injunction to be appealed so long as the appeal is taken within fifteen days from the signing of the judgment. La. C.C.P. art. 3612(B) and (C); *Stevens v. St. Tammany*

*Par. Gov't*, 2016-0197, p. 5 (La. App. 1 Cir. 1/18/17), 212 So. 3d 562, 566. In this case, the trial court signed the written judgment on October 5, 2023. CDW did not file for an appeal from that judgment until December 12, 2023, well after the time to take an appeal had passed. Although CDW filed a motion for new trial on October 20, within the fifteen-day appeal period, the motion for new trial did not stall the time in which to file an appeal. *Morris v. Transtates Petroleum, Inc.*, 246 So. 2d 183, 186-87 (La. 1971); *Stevens*, 2016-0197, p. 6, 212 So. 3d at 566. As such, CDW's appeal of the preliminary injunction is untimely, and we cannot consider any issues or arguments related to the merits of the preliminary injunction. *See Morris*, 246 So. 2d at 186.

### Whether CDW's appeal regarding the money damages pursuant to La. C.C.P. art. 3608 is timely

CDW contends that it is only appealing the damages portion of the judgment related to the wrongful issuance of the temporary restraining order. A judgment that touches on certain merits but does not resolve all the issues in the case is a "partial judgment" or "partial final judgment." *Blake v. Blake*, 2012-0655, p. 6 (La. App. 4 Cir. 10/31/12), 103 So. 3d 683, 686. "An appeal of such a judgment is governed by La. [C.C.P.] art. 1915, which divides partial judgments into two groups: (1) those under Art. 1915(A), which lists six specific types of partial final judgments that are appealable without being designated as final by the trial court; and (2) those covered by Art. 1915(B), which provides that any other partial judgment (excluding those listed in Part A) is not deemed to be final or subject to an appeal, unless the trial court designates it as such." *Andrew Paul Gerber Testamentary Trust v. Flettrich*, 2016-0065, pp. 4-5 (La. App. 4 Cir. 11/02/16), 204 So. 3d 634, 637-38 (citing *Blake*, 2012–0655, at pp. 7-8, 103 So. 3d at 687).

4

Article 1915(A)(6) categorizes a judgment that imposes sanctions as an appealable, partial final judgment. Most importantly, our jurisprudence recognizes that a money judgment awarded in connection with the wrongful issuance of a restraining order is a final, appealable judgment. *Kinchen v. Kinchen*, 235 So. 2d 81, 84 (La. 1970) ("[W]here the only appealable issue is from a final money judgment and not from an interlocutory order or judgment in connection with a preliminary injunction, we find that the delays for filing the appeal did not begin to run until the mailing of notice of judgment . . . ."); *Clipper Estates Master Homeowners' Ass'n, Inc. v. Harkins*, 2013-0429, p. 1 (La. App. 1 Cir. 11/04/13), 2013 WL 5925762, n. 1 ("[A] money judgment for the wrongful issuance of a TRO, even when coupled with an interlocutory order in a preliminary injunction, is a final judgment."). In this case, the trial court ordered sanctions under La. C.C.P. art. 3608 for the wrongful issuance of a restraining order, and that money judgment is appealable as a matter of right. CDW timely filed a devolutive appeal within the delays allowed under La. C.C.P. art. 2087.[4] Therefore, we have appellate jurisdiction to consider the merits of the money judgment.

***Whether the money award renders the entire judgment appealable***

CDW contends that, because the sanctions portion of the judgment is appealable, the entire judgment should be construed as a final, appealable judgment. That argument is without merit. As discussed above, certain issues in a judgment may be considered on appeal even if the entirety of the judgment may not be appealable. The law is clear that an appeal of a preliminary injunction may

---

[4] La. C.C.P. art. 2087(A) provides that a devolutive appeal may be taken within sixty days of either the expiration of the delay to apply for a new trial or the date of mailing of the notice of signing on a judgment for a motion for new trial. CDW's appeal is timely under both periods.

only be taken within fifteen days of the signing of the judgment, and CDW failed to meet that deadline. Due to CDW's failure to timely appeal that issue, we have no authority to consider any arguments related to the merits of the preliminary injunction. However, the portion of the judgment awarding money damages for the wrongful issuance of the restraining order constitutes a partial final judgment and is appealable in its own right. Because CDW timely filed a devolutive appeal, we may review that issue. Thus, our review in this case is limited only to the issue of whether the trial court erred in awarding damages without an evidentiary hearing.

## DISCUSSION

### *Standard of Review*

A trial judge has the discretion to award damages pursuant to La. C.C.P. art. 3608, and such an award will not be disturbed by the appellate court absent a finding of an abuse of discretion. *ARCO Oil & Gas Co., a Div. of Atl. Richfield Co. v. DeShazer*, 1998-1487, p. 4 (La. 1/20/99), 728 So. 2d 841, 844; *HCNO Servs., Inc. v. Secure Computing Sys., Inc.*, 1996-1693, p. 15 (La. App. 4 Cir. 4/23/97), 693 So. 2d 835, 844. The abuse of discretion standard is highly deferential to the trial court's determination on an issue and means that the trial court's judgment should only be overruled if the appellate court finds the ruling to be arbitrary or capricious. *Boudreaux v. Bollinger Shipyard*, 2015-1345, p. 16 (La. App. 4 Cir. 6/22/16), 197 So. 3d 761, 771. That is, the appellate court must find no rational basis for the trial court's decision. *Id*.

### *Temporary Restraining Orders and Damages under La. C.C.P. art. 3608*

A temporary restraining order shall not be issued unless the mover furnishes security as dictated by the trial court. La. C.C.P. art. 3610. The purpose of the security is to indemnify any person wrongfully restrained by the order for the costs

6

and damages he may incur. *Id*. In the event that a restraining order is wrongfully issued, the trial court has the discretion to award damages pursuant to article 3608. *ARCO Oil*, 1998-1487, p. 4, 728 So. 2d at 844; *HCNO Servs*., 1996-1693, p. 15, 693 So. 2d at 844. The good or bad faith of the party requesting the restraining order is not relevant to an award of damages under article 3608. *E.g. HCNO Servs.*, 1996-1693, p. 15, 693 So. 2d at 843. Rather, all that is required is a showing that the restraining order was wrongfully issued and that the restraining order caused damages. *Johnsa v. Edwards*, 582 So. 2d 1280, 1283 (La. 1991). A wrongful issuance of a restraining order simply means "injunctive relief that has been issued when it should not have been because the plaintiff had no right to it." *Girouard v. Summit Fin. Wealth Advisors, LLC*, 2020-261, p. 19 (La. App. 3 Cir. 3/24/21), 318 So. 3d 231, 246. "Dissolution of a preliminary injunction is prima facie evidence of damage for the wrongful issuance thereof." *HCNO Servs.*, 1996-1693, p. 14, 693 So. 3d at 843. However, damages may only be awarded pursuant to article 3608 through a motion to dissolve or on a reconventional demand. *Joseph Fein Caterer, Inc. v. Borenstein*, 459 So. 2d 673, 675 (La. App. 4th Cir. 1984); *Weaver v. Chimneywood Homeowners Ass'n, Inc.*, 2001-1444, p. 4 (La. App. 4 Cir. 1/30/02), 809 So. 2d 1071, 1074.

***Whether the trial court erred in awarding damages pursuant to La. C.CP. art. 3608***

First, we find that the district court abused its discretion in awarding damages to the City. As noted earlier, damages pursuant to article 3608 may only be awarded through a motion to dissolve the restraining order or a reconventional demand. *Joseph Fein Caterer*, 459 So. 2d at 675; *Weaver*, 2001-1444, p. 4, 809 So. 2d at 1074. The City filed neither a motion to dissolve nor a reconventional

demand. Thus, the trial court had no rational basis to award damages to the City when the City failed to follow the proper procedure to request such damages.

Turning to VPG, we find that the trial court likewise abused its discretion in awarding it $276,450.00 in damages. Unlike the City, VPG did file a reconventional demand requesting that the restraining order be dissolved and that it be awarded damages for the wrongful issuance of the restraining order. At the June 30 hearing, VPG failed to offer any evidence of damages for the trial court to consider. In fact, VPG's reconventional demand, and, consequently, the issue of damages, was not even before the trial court that day. The only matter set and the only matter argued by the parties was the merits of CDW's request for a preliminary injunction. The parties did not discuss or introduce evidence regarding any alleged damages. As such, the trial court did not have a rational basis to award a large amount of damages without first allowing the parties to brief the issue and present evidence.

VPG argues that the trial court still had the discretion to award damages in the absence of concrete evidence. VPG relies on a number of cases to support its assertion that courts have the discretion to assess damages in cases "[w]here there is a legal right to recovery but the damages cannot be exactly estimated. . . ." *Burns v. Dominique*, 354 So. 2d 763, 766 (La. App. 4th Cir. 1978). However, we find those cases to be distinguishable. We first note that there is no legal entitlement to damages under La. C.C.P. art. 3608. An award of damages for the wrongful issuance of a restraining order falls within the discretion of the trial court and "is not mandatory in its application." *Jackson v. Pfeifer*, 2014-0062, p. 8 (La. App. 4 Cir. 11/12/14), 152 So. 3d 998, 1003 (quoting *ARCO Oil*, 1998–1487, p. 4, 728 So. 2d at 844). Second, this does not appear to be a case where damages cannot be

8

exactly estimated as VPG contends. Finally, in the cases where appellate courts deferred to the lower court's discretion, the trial courts had either declined to assess damages, awarded only a nominal amount of damages, or actually received some form of evidence to support the awarded amount.[5] For instance, in *Ashley v. Welcker*, this Court affirmed the trial court's judgment awarding attorney's fees without evidence. 522 So. 2d 172, 174 (La. App. 4th Cir. 1988). However, in that case, this Court found that the amount awarded was not excessive. *Id*. Similarly, in *Succession of Ancar*, this Court found that the trial court did not abuse its discretion in awarding *nominal* damages. 421 So. 2d 261, 262 (La. App. 4th Cir. 1982) (emphasis added). Here, the trial court awarded over $275,000.00 without corroborating evidence to justify the large amount and without giving the parties an opportunity to be heard on the matter.

VPG argues that the affidavit it provided at the June 27, 2023 hearing on its exception provided proof of damages. We find the affidavit, by itself, does not support such a large award. The affidavit states that VPG had started work on the Project and generally references hiring subcontractors, renting equipment, obtaining insurance, and doing site preparations. Yet, the trial judge found in her denial of the exceptions that VPG had not yet started substantial work on the Project. Despite finding that little work had been performed, the trial judge still raised the bond amount to $291,000.00 and then later awarded VPG 95% of that

---

[5] *E.g. Ashley v. Welcker*, 522 So. 2d 172, 174 (La. App. 4th Cir. 1988) (holding that the trial court did not abuse its discretion in awarding attorney's fees when no evidence of such had been introduced); *Caldwell v. Griggs*, 40,838, p. 7 (La. App. 2 Cir. 3/08/06), 924 So. 2d 464, 469 (upholding the trial court's decision to deny damages); *Succession of Ancar*, 421 So. 2d 261, 262 (La. App. 4th Cir. 1982) (noting that the trial court only awarded a nominal amount in damages).

bond amount. The trial court did not receive evidence of specific damages and offered no reason for the award.

In light of the above, we find that the record does not support the award of damages to the City or VPG. Although trial courts have the discretion to award damages under La. C.C.P. art. 3608, that discretion is not unfettered and can be abused. *ARCO Oil & Gas Co., a Div. of Atl. Richfield Co. v. DeShazer*, 1996-1344, p. 4 (La. App. 3 Cir. 5/21/97), 698 So. 2d 408, 410. A trial court abuses its discretion when, as here, the record does not provide a rational basis for the court's action. As such, we vacate the portion of the trial court's judgment awarding damages to the City and VPG, and we remand this matter in order for the trial court to conduct a full, evidentiary hearing on whether damages should be awarded and, if so, how much to award.

## DECREE

For the foregoing reasons, we deny VPG's motion to dismiss, vacate the portion of the trial court's judgment awarding damages to the City and VPG, and remand this matter for further consideration that is consistent with this opinion.

**MOTION TO DISMISS APPEAL DENIED; JUDGMENT VACATED; REMANDED**