412 So.2d 567 (1982)
SCHEYD, INC. d/b/a Hammond Construction Company
v.
JEFFERSON PARISH SCHOOL BOARD, et al.
No. 81-C-1949.
Supreme Court of Louisiana.
April 5, 1982.
*568 Eslie G. Halford, Metairie, for plaintiff-relator.
Nathan Greenberg, of Greenberg & Dallam, Jack A. Grant, of Grant & Barrow, Gretna, for defendants-respondents.
LEMMON, Justice.
This litigation began as a dispute between two bidders on a construction contract with the Jefferson Parish School Board. Inasmuch as one bidder withdrew its bid after this court granted a writ of certiorari, the threshold issue in this court is whether the entire matter is now moot.
Scheyd, Inc. and C. J. Waddell Contractors, Inc. submitted bids for renovation of a school building in accordance with the rules for bidding established by the School Board. Scheyd's bid of $277,000, on the specified form and signed by Joseph Scheyd, was contained in a sealed envelope, along with a corporate resolution authorizing Joseph Scheyd to bind the corporation. Waddell submitted a bid of $261,000. Shortly before the scheduled opening of the bids on June 16, 1981, Scheyd's clerical employee, pursuant to telephone instructions from another Scheyd employee named Voss, wrote on the outside of the sealed envelope "Deduct $20,000 from base bid (Twenty thousand Dollars)" and signed Joseph Scheyd's initials.
Scheyd's reduced bid of $257,000, if valid, would have been the low bid. Otherwise, Waddell's bid was low.
At its regular meeting the next day the School Board considered the bid. When the Board's agent who received the bids informed the Board's attorney that he did not remember any initials or signatures on the outside of Scheyd's envelope or any description of the price in both words and numbers, the attorney expressed his opinion that the amendment was not binding on Scheyd.[1] The Board then awarded the contract to Waddell as low bidder.
When the Board's attorney received the envelope the next day, he recommended that the Board conduct a public hearing on the awarding of the contract.[2] By a 4-4 *569 vote the Board refused to change its award or to conduct a public hearing.
Scheyd then filed this suit to compel the Board to accept Scheyd's bid as amended and to award Scheyd the contract as the low bidder. Scheyd further sought to enjoin the Board from executing the construction contract with Waddell during the pendency of the litigation. Scheyd's petition also named Waddell as a defendant, inasmuch as the relief requested by Scheyd affected the rights of that party.
Waddell filed an exception of no cause of action and an answer which essentially denied Scheyd's allegations. Waddell also asserted a reconventional demand for attorney's fees under C.C.P. Art. 3608, alleging that Scheyd's improper seeking of injunctive relief caused Waddell to employ an attorney to resist the demand and to dissolve the restraining order.[3]
After a hearing, the trial court issued a preliminary injunction, restraining the Board from awarding the contract to Waddell. The court reasoned that Scheyd, by action of a duly authorized agent, had amended its bid timely in accordance with amending procedures sometimes used in the industry.
Waddell then filed an application for supervisory writs, but the court of appeal declined to exercise supervisory jurisdiction. This court then granted Waddell's application for certiorari. 404 So.2d 271.
Two days later Scheyd withdrew its bid, expressing the view that it could not guarantee the bid price because of the delays inherent in the judicial resolution of the matter. The School Board then executed the construction contract with Waddell.
At oral argument in this court, Scheyd argued that the entire matter was now moot. On the other hand, Waddell contended that its demand for attorney's fees had not been rendered moot by the events subsequent to the grant of certiorari.
C.C.P. Art. 3608 authorizes the award of damages for the wrongful issuance of a temporary restraining order or a preliminary injunction and further authorizes an award of attorney's fees, as an element of damages, for services in dissolving the order or injunction. At one time there was a jurisprudential rule that attorney's fees could only be recovered on a pretrial motion to dissolve, but Article 3608, adopted in 1961, permits recovery when dissolution is obtained after a trial on the merits. See Official Revision Comment (b).
C.C.P. Art. 3608's authorization for the award of damages, including attorney's fees, is similar to the authorization of such awards in C.C.P. Art. 3506 for the wrongful issuance of conservatory writs. The two articles recognize that restraining orders, preliminary injunctions, and conservatory writs are harsh remedies which are subject to the danger of misuse, and they impose on the party who improperly uses such writs and orders the responsibility to redress all damages. The two articles also recognize that many writs and orders are dissolved because the defendant prevails on the merits of the case. Nevertheless, the two articles authorize the award of attorney's fees only for those "services rendered in connection with the dissolution" of the writs or orders.
Damages have generally been awarded when there is a determination, either by pretrial motion or by trial on the merits, that the writ or order was illegally issued. Although the injunction was voluntarily dismissed, attorney's fees may still be awarded if the injunction was wrongfully issued. Duhon v. Buckley, 161 So.2d 301 (La.App. 3rd Cir. 1964).
It is therefore necessary to determine whether the injunction was wrongfully obtained in order to decide whether Scheyd is liable for damages.[4] Waddell's *570 bid was properly accepted by the Board. Scheyd's sealed bid, signed by a properly authorized officer, was $16,000 higher than Waddell's bid, and Scheyd's attempted amendment was ineffective. The amendment was not binding on Scheyd, because it was not signed by the corporate officer authorized to bind the corporation on the bid.[5] This irregularity in the amendment goes to the very integrity of the bidding process set up by the Board, which required sealed and signed bids. The Board could not have forced compliance with Scheyd's bid. Accordingly, Scheyd improperly obtained the issuance of a preliminary injunction and is liable for the damages caused by its issuance.
The only damages sought (and apparently the only damages sustained) by the enjoined litigant in this case are attorney's fees. However, most of the services performed by the attorney pertained to the defense of the merits of Scheyd's "Petition to Compel Compliance with the Public Bid Law". When the trial court issued a preliminary injunction after a full hearing, Waddell's counsel began the process of dissolving the injunction by applying for supervisory writs, first to the court of appeal and then to this court. The injunction was voluntarily relinquished two days after this court granted certiorari.
We conclude that Waddell is entitled to damages in the amount of the value of attorney's fees for services performed in submitting applications to the two appellate courts for supervisory writs, since those services were rendered in connection with ultimate dissolution of the injunction. Although there is no evidence of the value of those services in this record, we prefer to fix the damages based on a review of the services apparent on the record, rather than to remand for additional evidence. We accordingly set the award of attorney's fees as an element of damages at $1,000.
Accordingly, C. J. Waddell Contractors, Inc. is awarded the sum of $1,000 as attorney's fees for services rendered in connection with the dissolution of the preliminary injunction. Otherwise, the matter is dismissed as moot.
WATSON, J., concurs in holding the matter moot, but would not award attorney fees.
NOTES
[1] The Board's agent did not have the envelope with him at the meeting.
[2] The attorney relied on Attorney General's Opinion No. 74-452, which stated that a public body need not reject the lowest responsible bid when there are "mere informalities as to bid form", especially in a situation in which the lowest bid would save a great deal of money.
[3] Insofar as this record shows, the trial court did not grant a temporary restraining order.
[4] The fact that Scheyd withdrew the bid is not indicative that the injunction was wrongfully obtained. Whether Scheyd was right or wrong in obtaining the injunction, it had a legitimate reason for withdrawing the bid.
[5] If the corporate officer had given the clerical employee a bid form, with the amount of the bid blank, in an unsealed envelope, then the employee arguably would have had the apparent authority to complete the form in accordance with telephone instructions. However, the employee did not exhibit any authority to the Board, indicating her capacity to bind the corporation on the attempted amendment.