LOBRANO, Judge.
The sole issue in the case is whether the trial court erred in dismissing plaintiffs suit for a preliminary injunction upon plaintiffs ex parte motion, where defendant in his answer had asked for damages and attorney fees.
The underlying facts are as follows: Smoyer Construction Co., plaintiff and Hamrick Supply Co., defendant entered into a contract on August 28, 1986, under which Hamrick was to install and furnish “dry walling” at 3601 Behrman Place Highway (hereinafter referred to as “jobsite”). On October 15, 1986 a dispute arose over the construction contract and defendant was terminated by plaintiff. Defendant denied that it violated the contract and sought to reenter the jobsite on October 17, 1986 to continue work. There was a new dry wall contractor on the site by that time and fearing a confrontation between the two work forces plaintiff sought and obtained a temporary restraining order on October 17,1986. A hearing on the preliminary injunction was scheduled for October 24, 1986.
On October 20, 1986, defendant answered the petition for injunction denying that it was in violation of the contract and specifically asked for damages by virtue of the following language. “Defendant should be awarded damages for expenses incurred as a result of delay and reasonable attorney fees for services rendered in connection with the dissolution of the temporary restraining order and the denial of the preliminary injunction.”
The parties entered into the following stipulation on October 23, 1986.
“Let the record reflect that I represent Hamrick Supply Company and Mr. Marc Sarnoff is the attorney for Smoyer Construction Company and at this time the parties expressly stipulate and agree to the dissolution of the temporary restraining order and in return agree that Ham-rick Supply Company is ready and willing to enter the premises of Nouveau Mark Retirement Residence at 3601 Behrman Place Highway, New Orleans to perform under its construction contract as a subcontractor of the plaintiff and all arguments are going to be deferred to the merits when the case is heard in chief. It is also expressly agreed and understood that while Hamrick Supply Company Incorporated is presently on the premises for another contract and installation contract they will not interfere with the contract between itself and Smoyer Construction Company, that is the work which is the handling of the dry wall and texturing of the dry wall and we will submit a judgment to this effect.”
On October 30, 1986 the plaintiff moved to dismiss his suit for a temporary restraining order and preliminary injunction with prejudice. Said motion was granted ex parte by the trial court.
Defendant filed a motion seeking clarification and/or annulment of the trial court’s order dismissing the injunction on the grounds that in its answer it had requested damages and attorney fees and had not waived this request through its stipulation. The trial court denied defendant’s motion to annul the dismissal of plaintiff’s suit and defendant perfected this appeal.
La.C.C.Pro. Art. 1039 states:
“If an incidental demand has been pleaded prior to motion by plaintiff in the *960 principal action to dismiss the principal action, a subsequent dismissal thereof shall not in any way effect the incidental action, which must be tried and decided independently of the principal action.”
La.C.C.Pro. Art. 3608 provides:
“The court may allow damages for the wrongful issuance of a temporary restraining order or preliminary injunction on a motion to dissolve or on a reconven-tional demand. Attorney’s fees for the services rendered in connection with the dissolution of a restraining order or preliminary injunction may be included as an element of damages whether the restraining order or preliminary injunction is dissolved on motion or after trial on the merits.”
Defendant’s answer, although not in the technical form of a reconventional demand, clearly seeks damages and attorney fees “in connection with the dissolution of the temporary restraining order and the denial of the preliminary injunction.” The stipulation agreed to by plaintiff and defendant only pertains to the dissolution of the temporary restraining order. It makes no mention of plaintiff’s request for a preliminary injunction or defendant’s request for attorney fees and damages.
Plaintiff argues that since there was no reconventional demand by defendant, the dismissal was proper. We disagree. Clearly, Code of Civil Procedure Art. 3608 allows a defendant to seek damages by way of a motion to dissolve or reconven-tional demand. Defendant’s answer seeks dissolution of the temporary restraining order. His incorporation of a request for attorney fees and damages in that answer satisfies the requirements of Article 3608.
Furthermore, the stipulation mentions only the temporary restraining order. It does not dispose of plaintiff’s request for a preliminary injunction or defendant’s request for damages. While we concede the plaintiff can voluntarily dismiss his request for a preliminary injunction, that dismissal (absent a stipulation to the contrary) has no effect on defendant’s request for attorney fees and damages in connection with the issuance of the temporary restraining order.
Plaintiff further argues that it was the intent of the stipulation to resolve the request for a preliminary injunction also. He supports this argument by pointing out that the rule was to be heard October 24, 1986 (the next day) and that no one showed up, thus evidencing everyone’s understanding that the case had been resolved. This may serve as a defense to defendant’s claim but defendant still has the right to pursue its claim for attorney fees. That claim was not part of the stipulation. See, Scheyd, Inc. v. Jefferson Parish School Board, 412 So.2d 567 (La.1982).
By this opinion, we do not intend to imply that defendant is entitled to recovery on his demands, only that his right to assert them should not have been dismissed.
Accordingly, we reverse the trial court’s judgment of dismissal only insofar as it pertains to defendant’s request for damages and attorney fees, and remand for further proceedings.
REVERSED AND REMANDED.