671 So.2d 1004 (1996)
BOARD OF COMMISSIONERS OF the ORLEANS LEVEE DISTRICT
v.
Harry F. CONNICK, as District Attorney for the Parish of Orleans.
No. 95-CA-1456.
Court of Appeal of Louisiana, Fourth Circuit.
March 14, 1996.
*1005 Alan Dean Weinberger, Middleberg, Riddle & Gianna, New Orleans, for Appellant.
William F. Wessel, Charlotte A. Lagarde, Wessel & Associates, New Orleans, for Appellee.
Before SCHOTT, C.J., and ARMSTRONG and PLOTKIN, JJ.
ARMSTRONG, Judge.
This is an appeal from an award of attorney's fees due to the wrongful issuance of a temporary restraining order. The facts are undisputed, we find no error of law and no abuse of discretion and so we affirm.
This case arose when the Board of Commissioners of the Orleans Levee District ("the Levee Board") sought injunctive and declaratory relief against Harry F. Connick as the District Attorney for the Parish of Orleans ("the District Attorney"). The District Attorney had contacted the owners of the Showboat Star Casino, and the Orleans Parish grand jury opened an investigation, regarding possible violations of gambling laws. This concerned the Levee Board because the Showboat Star Casino was located at the Levee Board's harbor and the Levee Board derived income from the leasing of space by, and the operation of, the Showboat *1006 Star Casino. The Levee Board suit sought to prevent the District Attorney from indicting or prosecuting anyone for the operation of the Showboat Star Casino.
The Levee Board sought an immediate temporary restraining order. The trial court issued the TRO prohibiting the District Attorney from indicting the officers and employees of the Showboat Star Casino for violating gambling laws. The District Attorney then filed a motion to dissolve the TRO and peremptory exceptions seeking dismissal of the Levee Board's lawsuit, which motion and exceptions were heard by the trial court together with the Levee Board's motion for preliminary injunction. The trial court dissolved the TRO, denied the motion for preliminary injunction, held a statute involved to be unconstitutional and dismissed the District Attorney's peremptory exceptions.
Because the trial court had held a statute unconstitutional, the case was appealed directly to the Supreme Court. On appeal, the Supreme Court affirmed the trial court's dissolution of the TRO as "improvidently granted," affirmed the denial of the Levee Board's motion for preliminary injunction, reversed the trial court's holding of a statute to be unconstitutional, maintained the District Attorney's peremptory exceptions and dismissed the Levee Board's lawsuit. See Board of Commissioners of Orleans Levee Dist. v. Connick, No. 94-CA-3161 (La. 3-9-95), 654 So.2d 1073.
After the Supreme Court's decision, the District Attorney filed in the trial court a Rule to Set Damages and Attorney's Fees, accompanied by a supporting affidavit. The District Attorney's Rule sought monetary compensation from the Levee Board for the services of one private attorney and two assistant district attorneys, which services were needed as a result of the issuance of the TRO. The Levee Board opposed the Rule, a hearing was held and further affidavits were filed to evidence the services of the two assistant district attorneys. The trial court held that the private attorney worked 44.5 hours at $150.00 per hour for a total of $6,675.00, and that the two assistant district attorneys worked 55 hours between them at $100.00 per hour for a total of $5,500.00. Thus, the trial court entered judgment in favor of the District Attorney and against the Levee Board for $12,175.00.
The Levee Board appeals on two general grounds. First, the Levee Board argues that the trial court should not have awarded any amount at all. Second, the Levee Board argues in the alternative that the trial court should not have awarded any amounts for the services of the two assistant district attorneys. The Levee Board does not question the number of hours worked or the hourly rates.
The trial court based the monetary award on Article 3608 of the Louisiana Code of Civil Procedure. That article provides:
The court may allow damages for the wrongful issuance of a temporary restraining order or a preliminary injunction on a motion to dissolve or on a reconventional demand. Attorney's fees for the services rendered in connection with the dissolution of a restraining order or preliminary injunction may be included as an element of damages whether the restraining order or preliminary injunction is dissolved on motion or after trial on the merits.
La.Code Civ.Proc. art. 3608.
Article 3608 states that the court "may" award damages and that attorney's fees "may" be included in the damages. The obvious implication is that the court has discretion as to whether to award damages and as to whether to include attorney's fees in the damages. Both parties' briefs expressly agree that the trial court's award of attorney's fees in this case was a matter for the trial court's discretion and is not reversible on appeal except as an abuse of discretion.
The Levee Board focuses on the phrase "wrongful issuance" in Article 3608 and argues that for the TRO issuance to have been "wrongful" the Levee Board's actions in obtaining the TRO must have been "abusive or dishonest" or must have constituted a "palpable abuse" of the injunction remedy. We do not agree.
Article 3608 does not speak of wrongfully "seeking" or "obtaining" the TRO or preliminary injunction, which terms would focus attention *1007 on the party which sought and obtained the TRO or preliminary injunction. Instead, Article 3608 speaks of wrongful "issuance" of the TRO or preliminary injunction, which term clearly focuses on the court issuing the TRO or preliminary injunction. Thus, the word "wrongful" in Article 3608 simply means "incorrect," i.e. the result of a mistake, and does not imply malice or bad faith.
Indeed, one court has rejected the argument that the term "wrongfully issued" refers to bad faith and held, instead, that "wrongfully issued" simply means that the TRO or preliminary injunction was issued when it should not have been. See Cromwell v. Commerce & Energy Bank, 528 So.2d 759 (La.App. 3rd Cir.1988). A similar view was expressed in Gaudet v. Reaux, 450 So.2d 1009 (La.App. 1st Cir.1984). The cases cited by the Levee Board are clearly distinguishable from the present case. The decision in Inter City Express Lines v. Guarisco, 165 So. 727 (La.App. 1st Cir.1936), was rendered before the enactment of article 3608. In Lamastus v. Discon, 552 So.2d 741 (La.App. 1st Cir.1989), writ denied 558 So.2d 1127 (La.1990), there never was any finding that the preliminary injunction was wrongfully issued. In Scheyd, Inc. v. Jefferson Parish School Board, 412 So.2d 567 (La.1982), there was no finding that the party which obtained the preliminary injunction did so in bad faith (as opposed to improper conduct in the transaction from which the lawsuit arose) and there is no holding in Scheyd that bad faith in the obtaining a TRO or preliminary injunction is a prerequisite to an award of damages under Article 3608.
The Levee Board also argues on appeal that "it is bad policy to make such a punitive award [award 3608 damages] in litigation concerning res nova issues of great public importance between two organs of the State." Under such circumstances, the Levee Board argues, a close question under Article 3608 should "as a matter of law" be resolved by the trial court exercising its discretion to decline to award attorney's fees.
In the first place, an award under Article 3608 is not "punitive." The provision for award of "damages", which damages may include attorney's fees, makes it clear that an Article 3608 award is compensatory rather than punitive. Second, the Supreme Court decision in this case shows that the issues relevant to the TRO were not truly res nova. Instead, caselaw relied upon by the Supreme Court previously had staked out the position that civil injunctive proceedings may be used to restrain criminal proceedings only in narrow situations clearly not present here. Third, the trial court may have considered this case not to involve a close question under Article 3608. Lastly, to hold that, under some set of very general circumstances, the trial court should "as a matter of law" exercise its discretion in a particular way is to strip the trial court of the very discretion which, the parties agree, Article 3608 confers upon the trial court.
The Levee Board argues that the award against it under Article 3608 "appears to be inconsistent with legislative intention" because the Levee Board (like other boards and commissions) does not have to post a bond for TROs and preliminary injunctions, La. R.S. 13:4581, and because the Levee Board (like other political subdivisions) is not liable for court costs. La.R.S. 13:4521. We believe that this argument actually weighs against giving any special consideration to the fact that the Levee Board is a public body in the context of an Article 3608 award. The statutes suggest that, when the legislature intends for public bodies to be exempt from some obligation generally imposed upon civil litigants, then it expressly so provides by statute. Of course, there is no statute that exempts public bodies from liability under Article 3608. The fact that a board or commission need not post a bond for a TRO or preliminary injunction does not imply that a board or commission cannot be liable under Article 3608, but may reflect that considerations of solvency and collectability applicable to private litigants do not apply to boards and commissions. The statutory exemption from court costs has no application because Article 3608 does not deal with court costs.
The Levee Board argues in the alternative that even if the trial court did not abuse its discretion in making an Article 3608 award generally, it was an abuse of discretion to include in the award $5,500.00 for the services of the two assistant district attorneys. It seems to be undisputed that these *1008 two assistant district attorneys were salaried employees of the District Attorney's office and that they did not receive any specific compensation over and above their regular salaries for their work on this case. Thus, there was no specific expenditure of money by the District Attorney identified with the services of these two assistant district attorneys. Because of that, the Levee Board argues that the $5,500.00 for the services of these two attorneys could not properly be included as "damages" or "attorney's fees" under Article 3608. This argument is without merit.[1]
First, we note that Article 3608 does not simply provide for an award of "attorney's fees," but, provides for an award of "damages" and states that "attorney's fees ... may be included as an element of damages[.]" La.Code Civ.Proc. art. 3608. Obviously, damages other than attorney's fees may be compensated under Article 3608. Thus, even if we were to accept the Levee Board's argument that the lack of any payments to the two district attorneys specifically for their services in this case means that there are no "attorney's fees" to be "recovered" under Article 3608, we still would have to decide whether the District Attorney could recover "damages" for the services of these two assistant district attorneys.
We hold that the District Attorney may recover such "damages." The two assistant district attorneys were regular salaried employees of the District Attorney's office and, presumably, in the absence of this lawsuit, their services were available to that office on a normal full-time basis for the usual prosecutorial role of that office. Because the two assistant district attorneys were diverted to this case, the District Attorney's office was deprived of their services (paid for by their salaries) for the time they devoted to this case. The District Attorney suffered damages in the form of that loss of time.[2]
Also, at least in the context of Article 3608 awards, we find that there is caselaw authority for the award to be based on the value of the attorney's services as opposed to the amount paid for the attorney's services. In Scheyd Inc., 412 So.2d 567, the court awarded Article 3608 damages "in the amount of the value of attorney's fees for services performed." (emphasis added).
In Ashley v. Welcker, 522 So.2d 172 (La. App. 4th Cir.1988), this court held that the trial court "has the discretion ... to estimate the value of legal services" (emphasis added) to make an Article 3608 award. In Succession of Ancar, 421 So.2d 261 (La.App. 4th Cir.1982), this court held that in making an Article 3608 award "the trial judge, in such a case, is able to estimate the value of such services." (emphasis added). Thus, in the present case, it was proper for the trial court to estimate the value of the services of the two assistant district attorneys and to base the Article 3608 award on that value. The trial court's approach, to value the services at $100.00 an hour, was reasonable and was not error even though that amount was actually not paid by the District Attorney.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
NOTES
[1] As noted earlier, the Levee board does not challenge the number of hours worked or the hourly rates applied in calculating the Article 3608 award.
[2] There are, of course, statutes, rules and contracts which provide for attorney's fees without reference to "damages." We do not, in this opinion, address the issue of recovery under such statutes, rules and contracts for the time of lawyers who are regular salaried employees of a party. Thus, we express no opinion as to such a situation.