JjDOUCET, Chief Judge.
This appeal arises out of motions filed ancillary to above captioned criminal proceedings. Huey T. Littleton, who initialed the filing of a “Motion to Recuse Attorney General,” appeals a judgment of the trial court which, he alleges, refused to grant a hearing on his motion, which was filed pursuant to La.Code Crim.P. art. 861; and which granted cross motions filed by the Attorney General disqualifying Edward L. Tarpley, Jr., Esquire from representing the Littleton family in this matter, and imposing sanctions on Mr. Tarpley under the provisions of La. Code Civ.P. art. 863.
REACTS
Mr. Littleton’s daughter and son-in-law were brutally murdered in the bedroom of their home on the night of February 11, 1991. Shortly thereafter, Chris Prudhomme, Robert Adkins, Philip Ledoux and Kurt Reese were arrested in connection with the murders. Both Prudhomme and Adkins were charged with two counts of second degree murder. Prudhomme confessed, but claimed he acted alone. Subsequently, Prud-homme took his own life while incarcerated in the Calcasieu Parish jail. The disposition of the charges against Adkins are unclear. The record only shows that he was indicted as a principal to second degree murder on February 9,1995.
Reese and Ledoux were indicted on two counts of accessory after the fact to second degree murder each on February 9, 1991. Kurt Reese allegedly pled guilty as charged on April 19, 1996. The record shows that subsequent to the proceedings which form the basis of this appeal, a jury found Ledoux guilty of two counts of accessory after the fact to second degree murder.
At the time the murders were committed, Attorney General Richard Ieyoub was the District Attorney of Calcasieu Parish. He was sworn in as Attorney General on January 15, 1992 and his successor, Rick Bryant assumed responsibility for prosecution of the case. On August 25,1993, Mr. Bryant voluntarily recused himself and Mr. Ieyoub, as Attorney General; once again became responsible for the prosecution of the case.
Some time after Prudhomme’s death, Mr. Littleton became disenchanted with the way the investigation of the murders was progressing and launched his own investigation. It appears it was Mr. Littleton’s dissatisfaction with the progress of the Rcase which led to Mr. Bryant recusing himself. It appears, that at first, Mr. Littleton had a cordial relationship with the Attorney General’s office. . But as time progressed and things did not go as Mr. Littleton thought they should, this relationship also deteriorated and led to the filing of the Motion to Recuse Attorney General. Mr. Littleton retained the services of Mr. Edward L. Tarpley, Jr. to represent his interest in the recusation matter. Mr. Tarpley filed a “Motion to Recuse Attorney General [and] Alternatively, To Invoke Victims’ Rights Act” on September 18, 1996. By his own admission, Mr. Tarpley was the District Attorney for Grant Parish at that time. At the October 9, 1996 hearing, Mr. Tarpley stated that he had decided not to seek re-election to the Office of District Attorney and that his term would expire in three months.
In response to the motions filed on behalf of the Littletons, the Attorney General filed *1117 three motions of his own: 1) Motion to Quash Motion to Recuse Attorney General [and] Alternatively, To Invoke Victims’ Rights Act; 2) Motion for Sanctions; and 3) Motion to Disqualify Attorney.
All motions were heard in one proceeding on October 9,1996. At that hearing, the trial judge ruled that Mr. Littleton did not have standing to file the motion to recuse and stated that he would hear the alternative motion to invoke the Victims’ Rights Act as a mandamus proceeding (a civil proceeding). He disqualified Mr. Tarpley from representing Mr. Littleton and took the issue of sanctions under advisement, giving Mr. Tarpley one week to file a memorandum on the issue and the Attorney General three days after the memorandum was filed to respond. The trial judge then heard the mandamus proceeding. During that hearing the trial judge stated as follows:
|4This court gets the impression, and it’s pretty obvious, that your [addressing Mr. Littleton] complaints with the prosecution of this ease is not with sharing information, it’s how they handled it. You disagreed as to who they should indict. You disagreed as to whether or not they should make a recommendation to the grand jury as to whom they should indict. You disagreed as to what witnesses should be interviewed, what evidence should be used, and what was credible and what was not credible ... [Y]our gripe is not with sharing information; your gripe is the fact that the investigation is not doing what Huey Lit-tleton wants it to do.
* * * * * *
... I think that the prosecution, by your own testimony, is complying with the law. In the event that the prosecution does not comply with the law, you may refile this mandamus, but you’ll have to file it as a civil action.
The trial judge issued his “Written Reasons and Order” on December 20, 1996, which read as follows:
A hearing was held in the above referenced cases on October 9,1996. Said hearing concerned a Motion to Recuse Attorney General/Altematively to Invoke Victims’ Rights Act, filed by Edward L. Tarpley, counsel for the non-party Little-ton family. A Motion for sanctions, Motion to Disqualify Attorney and Motion to Quash Motion to Recuse Attorney General/Alternatively to Invoke Victims’ Rights Act, all filed by the Attorney General. At the hearing, this court ruled on all matters save the Motion for Sanctions, deferring a ruling on that matter until now.

LAW

It is the decision of this court that sanctions are indeed appropriate in this matter. Mr. Tarpley, the district attorney for Grant Parish, violated the Constitution of Louisiana, as well as ethical rules, by filing the Motion to Recuse Attorney General/Al-tematively to Invoke the Victims’ Rights Act. Article 5, Section 26(c) of the Louisiana Constitution states:
(c) Prohibition. No district attorney or assistant shall appear, plead, or in any way defend or assist in defending any criminal prosecution or charge. A violation of this Paragraph shall be cause for removal.
It is clear to this court that Mr. Tarpley violated the above provision by filing a pleading and appearing in a criminal, matter. For this, he should be sanctioned. Second, it appears that Mr. Tarpley Isviolated the State Rules of Professional Conduct 1.7 and 3.1, L.S.A.-R.S. foil. 37.219. Rule 1.7 provides, in pertinent part:
(a) a lawyer shall not represent a client if the representation of that client will be directly adverse to another client, unless ...
As a district attorney, Mr. Tarpley’s primary client is the State of Louisiana. He cannot reasonably assert that taking a position adverse to the state in a criminal matter by representing another client would not be a breach of his loyalty to the state. Mr. Tarpley’s lack of concern for this Rule of Professional Conduct strengthens the court’s position that sanctions are appropriate.
Rule 3.1, in pertinent part, states:
*1118 A lawyer shall not bring or defend a proceeding or assert or controvert an issue therein, unless there is a basis for doing so in good faith, which includes a good faith argument for an extension, modification or reversal of existing law
[[Image here]]
Mr. Tarpley failed to make a reasonable investigatory effort prior to filing the motion. At no time prior to filing the motion did he attempt to communicate with the Attorney General’s office to ascertain their side of the story. Secondly, Mr. Tarpley knew or should have known that there was no good faith legal basis for filing the motion. As' this court ruled at the hearing, there is no provision in the law that allows for recusal of the Attorney General himself, and even if there were, the facts of this case would not support it. Furthermore, the Victims’ Rights Act clearly does not provide a private right of action and thus cannot be “invoked” by anyone. Again, the above failures of Mr. Tarpley support the court’s decision to sanction him.
Finally, the court realizes that the Adkins and Ledoux cases are criminal eases wherein the usual types of sanctions would not be traditionally available. However, the court feels that Mr. Tarpley essentially filed a civil pleading in these criminal cases. He cannot escape the repercussions of his actions in filing a civil pleading by simply filing them in criminal cases. Therefore, the same sanctions that would be available in a civil cases [sic] are deemed available and appropriate here.

h SANCTIONS

The court deems Mr. Tarpley shall be sanctioned according to the costs he made the various other parties expend by the filing of his motion. With regard to the Attorney General’s Office, the following expenses were incurred:
Time of Assistant Attorney General Doug
Freese 21.1 hrs
Value of Time Spent $100 per hr
Total.$2,110.00
Mileage for Traveling 250 mi
Per Mile Charge $0.31 per mi
Total.$77.50
Grand Total.$2187.50
With regard to J. Michael Small’s Office, the following expenses were incurred:
Time of Mr. Small 14 hrs
Value of Time Spent $150 per hr
Total.$2100.00
Mileage for Traveling 200 mi
Per Mile Charge $0.31
Total $62.00
Grand Total .... $2162.00
Finally, all costs of court for the October 9, 1996, hearing are assessed against Mr. Tarpley. Said costs and above sanctions are to be paid to the respective parties within thirty days of this order. With regard to the value of the Attorney General’s Office’s time, the court relies on the case of Board of Commissioners of Orleans Levee District v. Connick, 671 So.2d 1004 (La.App. 4th Cir.1996) and the cases cited therein for the proposition that the time of a government attorney can be calculated and assessed according to the reasonable value of those services. That ease held $100 per hour to be reasonable for the time of assistant district attorneys. This court finds that $100 per hour is reasonable for the time of the assistant attorney general.
IT IS ORDERED that these sanctions be had and the Motion for Sanctions by the Attorney General is hereby GRANTED.
Mr. Littleton appeals, alleging the trial court erred in not holding a hearing on the recusal issue and on disqualifying and sanctioning Mr. Tarpley.
JtLAW and discussion
We first address the trial court’s decision not to hear the motion to recuse the Attorney General. In so ruling, he stated that there was no provision in the Louisiana Code of Criminal Procedure which provided for the recusal of the Attorney General. We agree. La.Code Crim.P. art. 681 states:
A district attorney may recuse himself, whether a motion for his recusation has been filed or not, in any case in which a ground for recusation exists. A motion to recuse the district attorney shall be in writing and shall set forth the grounds therefor. The motion shall be filed in accordance with Article 521, and shall be tried in a contradictory hearing. If a *1119 ground for recusation is established the judge shall recuse the district attorney.
Official Revision Comment (b) states:
This article does not specify who may file the motion to recuse the district attorney. The motion is usually filed by the defendant; however, the article is broad enough to permit the injured party to file the motion in an appropriate case.
Thus while Mr. Littleton would have standing to file a motion to recuse the district attorney, we find no authority for him to so move against the Attorney General. Additionally, La.Code Crim.P. art. 521, which is referenced above, states:
Pretrial motions shall be made or filed within fifteen days after arraignment, unless a different time is provided by law or fixed by the court at arraignment upon a showing of good cause why fifteen days is inadequate.
Upon written motion at any time and a showing of good cause, the court shall allow additional time to file pretrial motions.
It is clear from the record that Mr. Little-ton’s motion came over a year after the last defendant was arraigned. It is also clear from the trial judge’s comments during the hearing that he found that Mr. Littleton had failed to make a showing of good cause which would justify the court allowing the motion to be heard.
IsAs to the second part of Mr. Little-ton’s motion, involving the invoking of the Victims’ Rights Act, we agree with the trial judge. The record is devoid of any evidence that the Attorney General failed to comply with the provisions of La.R.S. 46:1841-1844 in this ease. Mr. Littleton admitted that he was displeased with the number of indictments and the time it took to prosecute those indicted. The questions of whom to indict and how soon to proceed to trial are at the discretion of the prosecution, under the limitations of the Louisiana Code of Criminal Procedure. While La.R.S. 46:1844(A)(1)(f) gives the victims’ families the right “... to attend any hearing or trial pertaining to the offense which caused [them] ... to become a victim,” it does not give them any right to determine who is in charge of the investigation and/or the prosecution or when the person or persons charged are brought to trial.
As the matters of disqualification and sanctions are so tightly intertwined, we will address them together. Mr. Tarpley admitted, at the hearing, that at the time he filed the motions on behalf of Mr. Littleton, he was the elected District Attorney in Grant Parish. He further admitted that he did not contact either the Attorney General or any member of his staff to verify Mr. Littleton’s allegations or to try and work out a solution acceptable to each side in the dispute.
La.Code Crim.P. art. 61 states:
Subject to the supervision of the attorney general, as provided in Article 62, the district attorney has entire charge and control of every criminal prosecution instituted or pending in his district, and determines whom, when, and how he shall prosecute.
And La.Code Crim.P. art. 62 provides:
The attorney general shall exercise supervision over all district attorneys in the state.
|9The attorney general has authority to institute and prosecute, or to intervene in any proceeding, as he may deem necessary for the assertion or protection of the rights and interests of the state.
Further La. Const, art. V, § 26 states:
(A) Election; Qualifications; Assistants. In each judicial district a district attorney shall be elected for a term of six years. He shall have been admitted to the practice of law in the state for at least five years prior to his election and shall have resided in the district for the two years preceding election. A district attorney may select assistants as authorized by law, and other personnel.
(B) Powers. Except as otherwise provided by this constitution, a district attorney, or his designated assistant, shall have charge of every criminal prosecution by the state in his district, be the representative of the state before the grand jury in his district, and be the legal advisor to the grand jury. He shall perform other duties provided by law.
*1120 (C) Prohibition. No district attorney or assistant district attorney shall appear, plead, or in any way defend or assist in defending any criminal prosecution or charge. A violation of this Paragraph shall be cause for removal.
In Brasseaux v. Girouard, 214 So.2d 401, 404 (La.App. 3 Cir.), writ refused, 253 La. 60, 216 So.2d 307 (La.1968) this court stated the following:
As an inherent attribute of his profession, an attorney may not represent different interests which are hostile, or in conflict with one another. The canons of ethics of both national and state bar associations forbid the representation of conflicting interests except with consent of opposing parties and then only in limited circumstances. They further provide that the obligation to represent the client with undivided fidelity outlasts the lawyer’s employment. Forbidden also, thus, is the subsequent acceptance by the lawyer of retainer by others adversely affecting any interest of his former client with respect to which the lawyer was retained.
When in violation of this principle and these canons an attorney does represent conflicting interests or does accept subsequent retainer adverse to an interest for which retained by a former client, the court in which the proceeding is pending should, upon timely motion by former client who objects to such possible violation of his confidence, disqualify counsel from continuing with the conflicting representation of the subsequent client, [citations omitted].
| iplt is obvious that as an elected district attorney, Mr. Tarpley’s first and principal client was the State of Louisiana. It is also obvious that seeking recusal of the Attorney General was an action adverse both to the Attorney General and the State of Louisiana. Accordingly, we find the trial judge was correct in disqualifying Mr. Tarpley.
The Attorney General raises the timeliness of the appeal. Although the trial judge ruled on most issues at the October 9, 1996, hearing, no written ruling was rendered until December 20, 1996. Hence we find appellant’s appeal timely.
Finally we address the issue of sanctions. La.Code Civ.P. art. 863 provides in pertinent part:
A. Every pleading of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated. A party who is not represented by an attorney shall sign his pleading and state his address.
B.... [T]he signature of an attorney or party shall constitute a certification by him that he has read the pleading; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact; that it is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.
C. If a pleading is not signed, it shall be stricken unless promptly signed after the omission is called to the attention of the pleader.
D. If, upon motion of any party or upon its own motion, the court determines that a certification has been made in violation of the provisions of this Article, the court shall impose upon the person who made the certification or the represented party, or both, an appropriate sanction which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, including a reasonable attorney’s fee.
InE. A sanction authorized in Paragraph D shall be imposed only after a hearing at which any party or his counsel may present any evidence or argument relevant to the issue of imposition of the sanction.
Mr. Tarpley admitted that he made no attempt to contact the Attorney General or anyone in the Attorney General’s office in connection with the filing of the motion at issue. Further, as an elected district attorney under the supervision of the Attorney General he had access to avenues not avail *1121 able to private parties. It would have been very easy for him to attempt to verify Mr. Littleton’s claims and to try and reach some accommodation which would not have involved judicial proceedings. This, he failed to do. Accordingly, we uphold the trial judge’s imposition of sanctions in this matter.
For the reasons stated above the judgment of the trial court is affirmed. All costs of this appeal are assessed against appellants, Huey T. Littleton, et al. and Edward L. Tarpley.
AFFIRMED.
THIBODEAUX, J., dissents in part, and assigns reasons.