FREDERICKA HOMBERG WICKER, Judge.
| gPlaintiff appeals the trial court judgment awarding $2,500,00 in attorney’s fees to defendant for damages related to the dissolution of a wrongfully issued temporary restraining order ■ pursuant to La. C.C.P. art. 3608. Defendant has filed an answer to the appeal,' seeking additional attorney fees'.’ For the following reasons, we find the trial judge abused her discretion in her judgment and we amend the trial court judgment to award defendant $5,562.00 in attorney’s fees and costs under Lai C.C.P. art. 3608.

FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, Robert Alvarez, is a financial advisor formerly affiliated with Ameriprise Financial Services: After a dispute with Ameriprise, plaifitiff left Ameriprise and sold his book of business to another Amer-iprise advisor, Rufus Cressend, defendant *1156 herein.[1]
|sOn August 12, 2014, plaintiff filed a “Petition for Temporary Restraining Order, Preliminary Injunction, and Permanent Injunction” against Cressend[2] and Ameriprise seeking to enjoin them from damaging -his reputation and contacting plaintiffs previous customers in an effort to divert their business to defendants. Plaintiff alleged that certain former clients had submitted written “Client Assignment Request” forms to Ameriprise and had requested no further contact from defendants. On August 12, 2014, the trial court granted plaintiffs petition for temporary-restraining order, “upon Plaintiff furnishing security in the amount of $25,000.00,” enjoining and prohibiting defendants from interfering with client assignment change requests, diverting plaintiffs previous customers to defendants, and disparaging plaintiffs reputation.
On September 2, 2014, Cressend filed a “Motion to Dissolve Temporary Restraining Order and for Damages and Attorneys’ Fees” pursuant to La. C.C.P. art. 3607 [3], asserting that plaintiff failed to prove ir-reparablfe harm and failed to provide- defendant proper notice as required under La. C.C.P. art. 3603.[4] On the same date, Ameriprise likewise filed a motion to dissolve the temporary restraining order.
On September 3, 2014, the trial court conducted a hearing on defendants’ motions to.dissolve as well as plaintiffs petition for preliminary injunction. At the hearing, the trial judge denied plaintiffs petition for preliminary injunction. She | ¿further found that the temporary' restraining order was improperly issued within the meaning of La. C.C.P. art. 3608 and granted defendants’ motions to dissolve. The trial judge allowed the parties ten days to submit evidence of attorney’s fees incurred pursuant to La. C.C.P. art. 3608. The trial court issued a written judgment on September 16, 2014, denying plaintiffs petition for injunctive relief and granting deféndants’ motions to dissolve the temporary restraining order.
, Following the hearing, Cressend submitted an “Affidavit of Attorneys’ Fees-and Costs,” as well as an invoice reflecting $8,617.00 in attorney’s fees and $634.27 in court costs Cressend incurred in this matter. On October 23, 2014, the trial court *1157 issued a judgment, awarding Cressend only $2,500.00 in fees. Ameriprise submitted an affidavit and invoices for attorney’s fees charged by local' and out-of-state counsel, totaling $56,055.95. On October 21, 2014, the trial judge issued a judgment awarding Ameriprise $19,819.00 in attorney’s fees. ■
Plaintiff appealed the October 21, 2014 and October 23, 2014 judgments awarding defendants’ attorney’s fees. While this appeal was pending, plaintiff and Ameriprise reached a settlement agreement and, thus, the October 21, 2014 judgment awarding defendant Ameriprise $19,819.00 in attorney’s fees is not at issue in this appeal. Therefore, the only judgment before this Court is the October. 23, 2014 judgment awarding Cressend $2,500.00 in attorney’s fees under La. C.C.P. art. 3608.

DISCUSSION

On appeal,.plaintiff claims that .the trial court erred in its judgment granting attorney’s fees under La..C.C-P- art. 3608, asserting, that: (1) the granting of attorney’s fees associated with the dissolution of a temporary -restraining order is improper where the temporary restraining order expired as a. matter of law before the hearing on the motion to' dissolve, and (2) the $2,500.00 judgment awarded to | sCressend was excessive and unreasonable for the services rendered in connection with the dissolution of the temporary restraining order.
In his first assignment of error, plaintiff claims that the temporary restraining order at issue expired as a matter of law prior to the hearing on defendants’ motions to dissolve. Plaintiff further asserts that attorney’s fees cannot be awarded when the temporary, restraining order has expired prior to the hearing on the preliminary injunction, citing Lewis v. Adams, 28,496 (La.App. 2 Cir. 8/21/96), 679 So.2d 493, 496. Upon review, we find that the temporary restraining!‘order at issue in this case had not expired, pursuant to its own terms or as a matter of law, at the time of the hearing on defendants’ motions to dissolve.
The trial court granted plaintiffs petition for temporary restraining order “upon Plaintiff furnishing security in the amount of $25,000.00.” La. C.C.P. art. 3610 instructs that “[a] temporary restraining order or preliminary injunction shall not issue unless the applicant furnishes security in the amount fixed by the court....” Therefore, the temporary restraining order did not issue in this case, pursuant to its own terms and as a matter of law, until plaintiff furnished the $25,000.00 security to the court.
The record reflects that' plaintiff obtained the $25,000.00 bond from Sure-Tec Insurance Company on August 19, 2014, and filed proof of security in the trial court on August 27, 2014. Although plaintiff obtained security from Sure-Tec Insurance Company on August 19, 2014, he did not furnish proof of security to the court, as required by La. C.C.P. art'. 3610, until August 27, 2014. Therefore, the temporary restraining order did not issue until August 27, 2014. La. C.C.P. art. 3604 provides that a temporary restraining order “shall expire by its terms ...'. not to exceed ten' days.” La. C.C.P. art. 3604. Thus, at the time of the September 3, 2014 | shearing on the motions to dissolve, the temporary restraining order had not expired.
In his second assignment of error, plaintiff claims that the $2,500.00 at *1158 torney’s fee awarded to Cressend is excessive and unsupported by the unreasonably vague invoice Cressend submitted to the court for legal services rendered in this matter. La. C.C.P. art. 3608 authorizes the award of damages for the wrongful issuance of a temporary restraining order and further authorizes an award of attorney’s fees, as an element of damages, for services rendered in connection with dissolving the order. Scheyd, Inc. v. Jefferson Parish School Bd., 412 So.2d 567 (La.1982); Lay v. Vickers, 02-667 (La.App. 5 Cir. 12/30/02), 836 So.2d 525, 531. “[A]n Article 3608 award is compensatory rather than punitive.” Board of Comm’rs v. Connick, 95-1456 (La.App. 4 Cir. 3/14/96), 671 So.2d 1004, 1008; Scheyd, supra. In awarding compensatory attorney’s fees, the court must consider whether the fee charged is reasonable. In re Interdiction of Demarco, 09-1791 (La.App. 1 Cir. 4/7/10), 38 So.3d 417, 426. However, if the fee charged is not an “excessive, unearned, or incommensurate, fee according to the factors set forth in Rule 1.5(a) of the Louisiana State Bar Association Rules of Professional Conduct, the fee charged must be considered reasonable and enforceable.”[5] Id.
A trial judge may use discretion, in determining whether to award damages under La. C.C.P. art. 3608. The ruling of a trial judge on the issue of damages under Article 3608 should not be disturbed on appeal absent a clear abuse of discretion. Arco Oil & Gas Co. v. DeShazer, 98-1487 (La.1/20/99), 728 So.2d 841, 844. Although a trial court has considerable discretion in awarding attorney’s |7fees, such discretion is not unbridled and cannot be exercised to invalidate or modify an otherwise reasonable fee charged pursuant to a valid contract for legal services between consenting parties. In re Interdiction of Demarco, 38 So.3d at 427-28.
The invoice submitted by Cressend reflects that his counsel, Daniel Ranson of Gaudry, Ranson, Higgins, and Gremillion, LLC, billed for his legal services at an hourly rate' of $250.00. At the trial court level, plaintiff did not assert that the $250:00 hourly rate charged by Cressend was unreasonable. Contrarily, plaintiff, in his memorandum in opposition to the granting of attorney’s fees, pointed to Cressend’s $250.00 hourly rate to demonstrate that Ameriprise counsel’s $400.00 hourly rate was unreasonable. Nevertheless, plaintiff asserts that Cressend -should not be entitled to recover any attorney’s fees because the invoice for legal services presented to the trial court is unreasonably vague and does not state the services provided with sufficient specificity. Further, plaintiff argues that the invoice contains charges for services Mr. Ranson provided in connection with Cressend’s other lawsuit pending in the 24 Judicial District Court concerning the sale of plaintiffs business to Cressend.
Upon careful consideration of the invoice submitted, we find that Mr. Ranson billed a total of 21 hours of legal services suffi *1159 ciently identifiable as related to the motion to dissolve the temporary restraining order, including research for the motion to dissolve and drafting of the memorandum in support of the motion to dissolve, as well as Mr. Ranson’s preparation for and appearance at the hearing. The invoice also reflects $270.00 in court costs specifically related to the filing of the motion to dissolve. The invoice contains other billing entries; however, those entries and costs are not sufficiently identifiable as related to legal services rendered in connection with the dissolution of the restrain: ing order in this Lease, Multiple entries are vague, related to the defense of the preliminary injunction, or contain references to communication with legal counsel not involved in this case. La. C.C.P. art. 3608 provides for the award of attorney’s fees “only for those ‘services rendered in connection with the dissolution’ ” of a temporary restraining order or preliminary injunction. Scheyd, supra, quoting La. C.C.P. art. 3608. Accordingly, as to those remaining charges, we find Cressend has failed to meet his burden of proof to show that those charges were related to legal services rendered “in connection with the dissolution of [the] restraining order” as required under La. C.C.P. art. 3608. See Sellers v. Barthelemy, 520 So.2d 1219 (La.App. 5 Cir.1988).
Upon review of the record in this matter, we find that the trial court abused her discretion in awarding only $2,500.00 in attorney’s fees in this case. At the hearing on the motions to dissolve, Mr. Ranson stated that he received notice of the hearing at 3:33 p.m. on the'Thursday afternoon before the Wednesday, September 3, 2014 hearing, requiring him to work the entire Labor Day weekend to prepare for the hearing. Further, Mr. Ranson was successful in his efforts to obtain dissolution of the temporary restraining order.- We find Cressend is entitled to the attorney’s fees he has proved are related to the dissolution of the temporary restraining order. See Sellers, supra. Accordingly, we hereby amend the trial court judgment to award .Cressend $5,292.00 in attorney’s fees in addition to-$270.00 in costs.
In his answer to this appeal, Cressend seeks additional attorney’s fees for work performed by his attorney on appeal. This Circuit has held that “such an award does not come under the auspices of C.C.P. art. 3608.” Sellers, 520 So.2d at 1227. Accordingly, we decline to award additional attorney’s fees for work performed by Cressend’s attorney on appeal.

\ «CONCLUSION

For the foregoing reasons, we amend the trial court judgment to award Cres-send a total of $5,562.00 for attorney’s fees and costs under La. C.C.P. art. 3608. All costs of this appeal are taxed to Plaintiff.

AFFIRMED AS AMENDED.

. There are two, consolidated lawsuits pending in the 24th Judicial District Court concerning a dispute between plaintiff and Cres-send over the sale price.

. In his petition, plaintiff named both Rufus Cressend arid Rufus Cressend, LLC as defendants. In this opinion, we will refer to those two defendants collectively as "Cressend.”

. La. C.C.P. art. 3607, in pertinent part, provides:
An interested person may move for the dissolution or modification of a temporary restraining order' or preliminary injunction, upon two days' notice to the adverse party, or such shorter notice as the court, may prescribe. The court shall proceed to hear and determine the motion as expeditiously ' as the ends of justice may require.

.La. C.C.P. art. 3603, in pertinent part, provides:
A temporary restraining order shall be granted without notice when:
(1) It clearly appears, from specific facts shown by a verified petition or by supporting affidavit that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or his attorney can be heard in opposition, and
(2), The applicant’s attorney certifies to the court in writing the efforts which have been made to give the notice or the reasons supporting hjs claim that notice should not be required.

. The Louisiana Supreme Court has set forth ten factors, derived from Rule 1.5 of the Rules of Professional Conduct, to be taken into consideration in determining the reasonableness of attorney’s fees: (1) the ultimate result obtained; (2) the responsibility incurred; (3) the importance of the litigation; (4) amount of money involved; (5) extent and character of the work performed; (6) legal knowledge, attainment, and skill of the attorneys; (7) number of appearances made; (8) intricacies of the facts involved; (9) diligence and skill of counsel; and (1Ó) the court’s own knowledge. See Department of Transp. & Dev. v. Williamson, 597 So.2d 439 (La.1992).