SUCCESSION OF JOSEPHINE GRIESHABER
WIDOW OF CHARLES C. WAGNER

NO. 22-CA-480

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 758-034, DIVISION "P"
HONORABLE LEE V. FAULKNER, JR., JUDGE PRESIDING

May 24, 2023

**JOHN J. MOLAISON, JR.**
**JUDGE**

Panel composed of Judges Susan M. Chehardy,
Stephen J. Windhorst, and John J. Molaison, Jr.

**JUDGMENT VACATED IN PART; REMANDED, WITH**
**INSTRUCTIONS.**
   **JJM**
   **SMC**
   **SJW**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
ROBERT A. BARNETT
    Brian J. Eiselen
    Robert A. Barnett

COUNSEL FOR PLAINTIFF/APPELLEE,
SEAN R. DAWSON, ADMINISTRATOR OF THE SUCCESSION OF
JOSEPHINE G. WAGNER
    Sean R. Dawson

**MOLAISON, J.**

In this matter pertaining to the calculation of attorney's fees incurred on behalf of an estate, the appellant seeks review of the trial court's judgment which reduced his billed hours. For the reasons that follow, the portion of the judgment reducing the fees is vacated, and we remand for further proceedings.

## FACTS AND PROCEDURAL HISTORY

While the instant action arises in the context of a succession proceeding, it does not invoke any issues directly related to the last will and testament of Josephine G. Wagner. The issue before us strictly involves review of the amount of attorney's fees determined by the trial court for the work of the appellant, Robert Barnett, on behalf of the estate.

On March 29, 2022, Sean Dawson, in her capacity as administratrix of the Succession of Josephine G. Wagner, filed a Petition For Authority To Pay Debt And Tableau Of Distribution. In the petition, Dawson stated that the succession debt of attorney Robert Barnett, consisting of $63,650.00 in fees and $8,619.50 in costs, had not been paid. The petition acknowledged that the amount of costs had been verified, but informed the court that certain heirs of the succession opposed payment of Mr. Barnett's bill in full. In her prayer for relief, Dawson asked the Court to review, in camera, Mr. Barnett's billing statement and "responses to questions undersigned had [for Mr. Barnett]" to determine if all amounts should be approved. A hearing was conducted by the trial court on May 17, 2022. On June 3, 2022, the trial court's written judgment granted Dawson's petition, in part, and ordered payment of Mr. Barnett's costs in the amount of $8,619.50. With respect to Mr. Dawson's billable fees, however, the trial court's award was $32,000. After a motion was filed by Mr. Barnett for the purpose of asking the court to include decretal language in order to make its judgment appealable, the trial court issued an amended judgment on July 19, 2022. The instant appeal followed.

## ASSIGNMENT OF ERROR

On appeal, Mr. Barnett asserts that the trial court reduction of his attorney's fees is an abuse of discretion and is not supported by the record.

## LAW AND ANALYSIS

Our review of the record shows that Mr. Barnett submitted a bill to the succession for 254.60 hours, for work performed from December 1, 2020, to March 10, 2021. The invoice commemorated tasks billed in 10-minute increments that ranged from telephone calls and electronic correspondence, to more complex matters such as the preparation of pleadings, depositions and court appearances. Separately, Dawson included a document labeled "RESPONSES TO SEAN DAWSON" which consisted of 25 questions about specific entries of Mr. Barnett's bills, with Mr. Barnett's explanations, in "Part I," and six questions in "Part II" about Mr. Barnett's expenses.

In seeking a reduction of Mr. Barnett's bill, Dawson makes clear that there is no dispute that the hourly rate charged, $250.00, is not excessive given Mr. Barnett's years of experience and professional certifications. Rather, the sole issue presented to the trial court was whether the amount of hours billed was excessive. Standard of review

In making awards of attorney's fees, the trial court is vested with great discretion, the exercise of which will not be interfered with, except in a case of clear abuse. Brandner v. Staf-Rath, L.L.C., 12-62 (La. App. 5 Cir. 5/31/12), 102 So.3d 186, 189, *writ denied*, 12-2196 (La. 11/21/12), 102 So.3d 62, and *writ denied*, 12-2210 (La. 11/21/12), 102 So.3d 62. Attorney's fees are subject to the review and control by the courts. *Abadie v. Markey*, 97-684 (La. App. 5 Cir. 3/11/98), 710 So.2d 327, 333. Regardless of the language of the statutory authorization for an award of attorney's fees or the method employed by a trial court in making an award of attorney's fees, courts may inquire as to the

reasonableness of attorney's fees as part of their prevailing, inherent authority to regulate the practice of law. *Richardson v. Parish of Jefferson*, 98-625 (La. App. 5 Cir. 2/10/99), 727 So.2d 705, 708, *writ denied*, 99-864 (La. 5/7/99), 740 So.2d 1289. A reasonable attorney's fee is determined by the facts of an individual case. *Gottsegen v. Diagnostic Imaging Services*, 95-977 (La. App. 5 Cir. 3/13/96), 672 So.2d 940, 943, *writ denied*, 96-0707 (La. 4/26/96), 672 So.2d 909. Factors to be taken into consideration in determining the reasonableness of attorney's fees include: (1) the ultimate result obtained; (2) the responsibility incurred; (3) the importance of the litigation; (4) the amount of money involved; (5) the extent and character of the work performed; (6) the legal knowledge, attainment, and skill of the attorneys; (7) the number of appearances involved; (8) the intricacies of the facts involved; (9) the diligence and skill of counsel; and (10) the court's own knowledge. *Rivet v. State, Dept. of Transp. & Dev.*, 96-0145 (La. 9/5/96), 680 So.2d 1154, 1161, *citing State, DOTD v. Williamson*, 597 So.2d 439 (La.1992). There is no evidence in the record before us to indicate whether the trial court considered any of the *Rivet* factors when reducing the amount of Mr. Barnett's fees.

### *Mr. Barnett's billable hours*

As stated above, Mr. Barnett billed the estate for 254.60 hours, for work performed from December 1, 2020, to March 10, 2021, at an uncontested rate of $250.00 per hour. The one who asserts a fact bears the burden of proving that fact; therefore, the burden of proving the reasonableness of the fees charged is on the attorney claiming fees are owed. *Succession of Herrle*, 517 So.2d 386 (La. App. 5 Cir. 1987), *writ denied*, 519 So.2d 129 (La. 1988). Once an attorney proves to the trial court's satisfaction that the amount claimed due is actually owed, the burden of proof shifts to the client to prove that the fees are clearly excessive. *Gold, Weems, Bruser, Sues & Rundell v. Granger*, 06-859 (La. App. 3 Cir. 12/29/06),

947 So.2d 835, 842, *writ denied*, 07-0421 (La. 4/27/07), 955 So.2d 687. Here, the only evidence presented was Mr. Barnett's bill and Dawson's written query about certain entries within the bill. In asking the court to review the bill and determine whether it was reasonable, Dawson generally alleged that the bill was excessive, without identifying specific entries to support the claim. In addition, as part of their opposition to the payment of Mr. Barnett's fees, counsel for the heirs, M. Elizabeth Bowman, attached a copy of her own billing from December 1, 2020, through March 31, 2021, with an attestation. It is unclear from the record before us whether the trial court accepted Mr. Barnett's bill on its face and then required the succession to prove the excessiveness of the charges, or whether the court rejected the bill as submitted.

It is well-settled that a court, in awarding an appropriate attorney's fee, should reduce the number of hours submitted in the fee application if the claimed time is "excessive, redundant, or otherwise unnecessary." *Covington v. McNeese State Univ.*, 12-2182 (La. 5/7/13), 118 So.3d 343, 350, *citing Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S.Ct. 1933, 1939-40, 76 L.Ed.2d 40 (1968). Although a trial court has considerable discretion in awarding attorney's fees, such discretion is not unbridled and cannot be exercised to invalidate or modify an otherwise reasonable fee charged pursuant to a valid contract for legal services between consenting parties. *Alvarez v. Cressend*, 15-276 (La. App. 5 Cir. 12/23/15), 182 So.3d 1154, 1158. This Court has previously opined that to uphold the trial court's reduction of attorney's fees, such a reduction must be predicated on a factual finding that the fees were never earned, but will refrain from altering the contractual relationship between an attorney and client in the absence of a showing that a fee charged was clearly excessive. *Anderson, Hawsey & Rainach v. Clean Land Air Water Corp.*, 489 So.2d 928 (La. App. 5th Cir.), *writ denied*, 492 So.2d 1221 (La. 1986).

In the instant case, the trial court presumably found Mr. Barnett's fee to be excessive, but the trial court's judgment does not specify any reasons why it reduced Mr. Barnett's bill almost exactly by one-half. As a whole, we find that this particular record on appeal leaves us with an inadequate factual basis upon which to assess the trial court's judgment.

Louisiana Code of Civil Procedure article 2164 provides that an "appellate court shall render any judgment which is just, legal, and proper upon the record on appeal." Pursuant to that article, an appellate court may remand a matter to the trial court to permit that court to take additional evidence where necessary to reach a just decision and prevent a miscarriage of justice. *See, e.g.*, *Alex v. Rayne Concrete Service*, 05-1457 (La. 1/26/07), 951 So.2d 138, 155. In this instance, we find that remanding the case is an appropriate procedural remedy because the record lacks the evidence that would allow us to resolve whether there is merit to Mr. Barnett's claim that the trial court erred in reducing his proposed attorney's fee.

## CONCLUSION

For the foregoing reasons, we vacate the portion of the judgment reducing the attorney's fee award and remand this matter to the trial court for the taking of evidence, if necessary, on the issue of the appropriate attorney's fee, to render a new judgment, and to issue written reasons for judgment.

**JUDGMENT VACATED IN PART; REMANDED, WITH INSTRUCTIONS.**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
CORNELIUS E. REGAN, PRO TEM

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**MAY 24, 2023** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT
REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**22-CA-480**

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HON. LEE V. FAULKNER, JR. (DISTRICT JUDGE)
ROBERT A. BARNETT (APPELLANT)        CHRISTY M. HOWLEY (APPELLEE)        M. ELIZABETH BOWMAN (APPELLEE)
SEAN R. DAWSON (APPELLEE)            STACY R. PALOWSKY (APPELLEE)

**MAILED**
BRIAN J. EISELEN (APPELLANT)
ATTORNEY AT LAW
4628 WINDSOR STREET
METAIRIE, LA 70001